811 So.2d 384 (2001)
Donyale STUBBS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00066-COA.
Court of Appeals of Mississippi.
February 20, 2001.
*385 Lesa Harrison Baker, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the Court:
¶ 1. Donyale Stubbs was convicted in the Lincoln County Circuit Court of one count of possession of cocaine with the intent distribute. He was sentenced to a term of twenty-three years, the first twenty to be served in the custody of the Mississippi Department of Corrections and the last three to be served on post-release supervision. The trial court also ordered the *386 appellant to pay court costs and attorney fees and imposed upon him a five thousand dollar fine. On appeal, the appellant raises issues concerning the admission of certain evidence and defense counsel's performance at trial. Finding no error, we affirm.

FACTS
¶ 2. A cocaine sale took place in the mobile home of the appellant on the morning of January 14, 1999. Upon execution of the search, 4.2 grams of crack cocaine and $1,767.82 in currency was recovered. In a separate prior case, the appellant was convicted of the charge of sale of cocaine for the aforementioned sale.
¶ 3. At trial, the State presented four witnesses. Defense counsel challenged the admission of evidence obtained during the search of the appellant's home, asserting that no probable cause existed for the search. The trial court admonished the defense counsel for not having brought up the issue at the pre-trial omnibus hearing, but allowed a suppression hearing to take place nevertheless. The affidavit supporting the search warrant was not produced, and the justice court judge that issued the search warrant was unavailable to testify. Gary Vanderslice, an agent with the Southwest Narcotics Enforcement Unity, testified that he personally appeared before Justice Court Judge Kenneth Warren to secure the warrant authorizing the of the appellant's mobile home. Vanderslice testified that he told the justice court judge that an informant named Kevin Brothern had been sent to the residence of the appellant where he purchased crack cocaine from the appellant. Based upon this testimony, the trial court found that probable cause did exist for issuance of the search warrant, and evidence of the fruits of the search was allowed to be admitted.
¶ 4. Two other agents testified that they had assisted in the search of the appellant's home and had discovered certain substances which they believed to be cocaine. A forensic scientist testified that the substances found at the appellant's home during the search did indeed contain cocaine. The State also introduced evidence of the appellant's conviction for sale of cocaine. This evidence was only offered to prove the appellant's intent to distribute.
¶ 5. At the close of the State's case-in-chief, Stubbs moved for an acquittal. The circuit judge overruled the motion, stating that a jury could reasonably find the appellant guilty given the evidence. Stubbs did not testify on his own behalf, nor did he present any witnesses in rebuttal to the State's case. The jury returned a unanimous verdict of guilty. Stubbs moved for JNOV, or in the alternative, a new trial. That motion was denied.

STANDARD OF REVIEW
¶ 6. "The standard of review regarding admission of evidence is abuse of discretion." Thompson Mach. Commerce Corp. v. Wallace, 687 So.2d 149, 152 (Miss. 1997). "Where error involves the admission or exclusion of evidence, this Court `will not reverse unless the error adversely affects a substantial right of a party.'" Floyd v. City of Crystal Springs, 749 So.2d 110, 113 (Miss.1999) (quoting In re Estate of Mask, 703 So.2d 852, 859 (Miss.1997); Terrain Enters., Inc. v. Mockbee, 654 So.2d 1122, 1131 (Miss.1995)).
¶ 7. This Court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers. Floyd, 749 So.2d at 113 (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 *387 (1996)). Thus, this Court is restricted to a de novo review of the trial judge's findings using the applicable "substantial evidence"/"clearly erroneous" standard. Floyd, 749 So.2d at 113 (citing McNeal v. State, 617 So.2d 999, 1007 (Miss.1993)).

DISCUSSION

I. THE NARCOTICS AGENT'S LAY OPINION TESTIMONY AS TO THE SELLING OF CONTROLLED SUBSTANCES IN THE DEFENDANT'S RESIDENCE
¶ 8. During his testimony, Agent Vanderslice was asked about what was discovered during the search of the appellant's home and what such discoveries led him to conclude. Vanderslice testified that a large sum of money was found rolled up in rubber bands, that there were firearms in the home, and that there was a device on the home that caused a light to come on when someone approached the home. These findings, Vanderslice said, are typical signs that someone is dealing drugs.
¶ 9. The appellant now asserts that this opinion testimony was inadmissible because it led the jury to a conclusion on a material issue. As the State points out, a review of the record reveals that no objection was made by defense counsel to the aforementioned testimony. This Court has stated the following:
The law is well settled that if no contemporaneous objection is made, the error, if any, is waived. Walker v. State, 671 So.2d 581, 587 (Miss.1995). Procedural bar notwithstanding, an appellate court may review the merits of the underlying claim knowing that any subsequent review will stand on the bar alone. Walker, 671 So.2d at 587. A defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). The right of an appellate court to notice plain error is addressed in M.R.E. 103(d). The Mississippi Supreme Court applies the plain error rule only when a defendant's substantive rights are affected. Grubb v. State, 584 So.2d 786, 789 (Miss.1991). "The plain error doctrine has been construed to include anything that `seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice. Gray v. State, 549 So.2d 1316, 1321 (Miss. 1989).
Dobbins v. State, 766 So.2d 29, 31 (Miss.Ct. App.2000).
¶ 10. The appellant does not allege, nor do we find, that he was denied a fundamental right by the admission of this testimony. Further, we find the challenged testimony of Agent Vanderslice to be cumulative in nature. This testimony was meant to show that the cocaine present in the house was intended for sale. As mentioned above, evidence was also introduced to show that the appellant had executed a sale of cocaine to a government informant just three hours prior to the search of the appellant's home, and that such sale had resulted in a conviction. Therefore, the admission of Vanderslice's lay opinion did not constitute a "manifest miscarriage of justice," as the jury was presented with other evidence substantial to make a finding of intent to distribute. This issue is without merit.

II. THE FAILURE TO PRODUCE THE SUPPORTING AFFIDAVIT FOR THE SEARCH WARRANT
*388 ¶ 11. The appellant asserts that because the affidavit giving rise to the search warrant was not produced, the trial court should not have admitted any evidence obtained from the search of his home. Before any such evidence was admitted, the trial judge held a suppression hearing outside of the presence of the jury. During this hearing, Agent Vanderslice testified as to the underlying facts and circumstances that were presented to the magistrate for issuance of the warrant. Namely, Vanderslice testified that he notified the magistrate of a controlled buy made by an informant just hours before. Having heard this testimony, the trial judge made an independent finding that probable cause existed to issue the search warrant. The trial court's finding on this matter was based upon substantial evidence and did not constitute manifest error. This issue is therefore without merit.

III. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 12. The appellant contends that he received ineffective assistance of counsel at trial. This contention is based upon trial counsel's actions regarding the admission of evidence obtained during the search of the appellant's home. The appellant argues that if trial counsel had presented the issue of probable cause at the omnibus hearing, the evidence would have been suppressed.
¶ 13. To establish an ineffective assistance of counsel claim, a party must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). The Mississippi Supreme Court has adopted the Strickland standard of determining ineffective assistance of counsel. Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). See McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of counsel claim. Id. Under Strickland, the totality of circumstances of each case must be considered. Id.
¶ 14. Mississippi "recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance." Id. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. In addition to the presumption that counsel's conduct is reasonably professional, there is a presumption that counsel's decisions are strategic in nature, rather than negligent. See Handley v. State, 574 So.2d 671, 684 (Miss.1990); Leatherwood v. State, 473 So.2d 964, 968-69 (Miss. 1985).
¶ 15. The appellant's assertion that the outcome of the suppression hearing would have been different had trial counsel acted differently is pure speculation. As discussed above, the trial judge held a suppression hearing on the matter. During this hearing, he heard evidence that supported a finding of probable cause. The appellant does not assert, nor is there any evidence to show, that there were errors in the missing affidavit. There is no evidence or assertion that Agent Vanderslice was untruthful in his testimony. There has been no showing of a reasonable probability that the outcome of the trial would have been different, nor has confidence in the outcome of the trial been undermined. This issue is therefore without merit.
*389 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF ONE COUNT OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY THREE YEARS, WITH TWENTY YEARS TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THREE YEARS TO BE SERVED ON POST RELEASE SUPERVISION TO RUN CONCURRENT WITH SENTENCE IN 99-185KS AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.