832 So.2d 579 (2002)
Deshawn JACKSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00231-COA.
Court of Appeals of Mississippi.
September 17, 2002.
Rehearing Denied December 10, 2002.
*580 Edmund J. Phillips, Jr., Newton, attorney for appellant.
Office of the Attorney General, by Charles W. Maris Jr., attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the court.
¶ 1. The Circuit Court of Scott County convicted Deshawn Jackson of capital murder and sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections without possibility of parole. Jackson filed his appeal with this Court in a timely fashion, making the following assignments of error:
STATEMENT OF ISSUES
I. DID THE COURT ERR IN ADMINISTERING VOIR DIRE?
II. DID THE COURT ERR IN GRANTING THE STATE BATSON RELIEF FOR JACKSON'S PEREMPTORY STRIKE OF RICKY DERRICK?
III. DID THE COURT ERR IN PERMITTING OFFICER ROGERS'S TESTIMONY?
IV. DID THE COURT ERR IN DENYING JACKSON'S MOTION TO SUPPRESS HIS CONFESSION?

FACTS
¶ 2. On March 21, 2000, around 11 p.m., Jose and Jonny Aristizabal were walking from their trailer in Forest to the B.C. Rogers plant where they worked. Along the way, Jackson and two others attacked the Aristizabals, robbed them, and then Jackson shot Jose Aristizabal as he lay on the ground. Aristizabal later died from the wounds received in the robbery.

*581 ANALYSIS
I. DID THE COURT ERR IN ADMINISTERING VOIR DIRE?
¶ 3. Jackson failed to object to the State's allegedly improper questions during voir dire. Questions of prosecutorial misconduct will not be addressed where the defendant did not raise the question at trial. Dufour v. State, 483 So.2d 307, 311(Miss.1985). Failure to object at trial acts as a procedural bar in an appeal. Carr v. State, 655 So.2d 824, 853 (Miss. 1995). Even if Jackson had objected at trial, it remains doubtful that he would have prevailed, since the State's questions during voir dire informed the jurors of their responsibilities and did not ask the jurors to return a given verdict before they heard the evidence. "There is no error in ascertaining whether potential jurors know what is expected of them in order to determine their suitability to serve as jurors." Palm v. State, 748 So.2d 135, 138 (¶ 10) (Miss.1999). The Mississippi Supreme Court has held that where there is no request for a specific verdict, there is no error. Stringer v. State, 500 So.2d 928, 938 (Miss.1986). Jackson can point to no such request; thus, even a search for plain error fails him.
II. DID THE COURT ERR IN GRANTING THE STATE BATSON RELIEF FOR JACKSON'S PEREMPTORY STRIKE OF RICKY DERRICK?
¶ 4. This Court grants great deference to a trial court's rulings on a Batson challenge. Spann v. State, 771 So.2d 883, 904 (¶ 61) (Miss.2000). We review Batson rulings for clear error. Johnson v. State, 529 So.2d 577, 583 (Miss.1988). A Batson challenge to peremptory challenges has three steps: first, the opponent of the peremptory challenge must make out a prima facie case of purposeful racial discrimination. Puckett v. State, 788 So.2d 752, 756 (¶ 10) (Miss.2001). Jackson struck eleven white veniremen and two black veniremen, and the court held that the State had made a prima facie case.
¶ 5. Second, the proponent of the strike must offer a race-neutral reason for the strike. Puckett, 788 So.2d at 758 (¶ 14). Jackson's stated reason for his peremptory challenge was that he had no specific reason, "other than to get down the line to some other jurors that I wanted to keep." The court essentially held that this nonreason did not meet Jackson's burden under the second prong of Batson. Jackson argues correctly that the reasons need not be persuasive or plausible; however, they must still be reasons. Id. The court did not even have to reach the third step, which requires the opponent of the strike to prove purposeful racial discrimination before the court will nullify a peremptory challenge. Henley v. State, 729 So.2d 232, 240 (¶ 38) (Miss.1998).
¶ 6. Jackson had the burden to provide a facially race-neutral reason to support his peremptory challenge of Derrick. The record is illuminating, since Jackson provided ten race-neutral reasons for ten other white veniremen, but could not in fact provide one for this juror. This fact by itself suggests no nefarious intent or purposeful racial discrimination, but instead illuminates a troubling facet of the Batson line of cases: peremptory challenges are no longer truly peremptory, but merely peremptory but for race or gender or religiously motivated challenges. As a necessary consequence of the Batson line of cases, Jackson's appeal on this ground must fail.
III. DID THE COURT ERR IN PERMITTING OFFICER ROGERS'S TESTIMONY?
¶ 7. Jackson appeals the court's ruling permitting the testimony of Officer *582 Trey Rogers concerning Jackson's prior false statement to the police and the circumstances of his confession to the police to come in on rebuttal. The objectionable language follows:
Q: The first statement, what he said in it, based upon what you already know about the robbery and murder of Jose Aristizabal, were you aware of whether or not he was telling you was the truth or a falsehood?
A: Yes, sir.
By Mr. Brooks: Your Honor, we would like to renew our objection made during the motion to suppress.
By the Court: Objection overruled.
Q: And what he told you the first time, did that jibe or coincide with the facts as you knew them to exist?
A: No, sir. According to eyewitness statements, it didn't match up. We knew that it wasn't true.
Q: All right; and
By Mr. Brooks: Now, your Honor, at this point, I would like to move for a mistrial for the admission of that into evidence.
By the Court: Overruled.
¶ 8. Jackson appeals the court's decision on the grounds that Rogers's testimony constituted hearsay. At trial, this ground was not cited; in fact, the objection offered at trial appears to all intents and purposes to be a general objection, or an objection related to the motion to suppress Jackson's confession, and not an objection on hearsay grounds at all. Specific grounds for an objection must be stated contemporaneously with the objection, and all objections not made at the time of testimony are deemed waived. Sellers v. State, 773 So.2d 350, 353 (¶ 11) (Miss.App. 2000).
¶ 9. But even if Jackson's appeal was not procedurally barred on this issue, there is still the inescapable fact that Rogers's testimony in no way constitutes hearsay. Rogers's statement is clearly one that he was qualified to make, as it reflected his state of mind when Jackson's initial statement to the police was made. As such, it constitutes a lay opinion, of the sort which any individual with personal knowledge of the case that Rogers had could permissibly make in a court of law.
IV. DID THE COURT ERR IN DENYING JACKSON'S MOTION TO SUPPRESS HIS CONFESSION?
¶ 10. Jackson alleges in his appeal that he was not read his Miranda rights and did not make a voluntary and knowing waiver. However, during his testimony in the motion to suppress, Jackson admitted that he had knowingly and voluntarily waived his Miranda rights. The record on its face gives the lie to this assignment of error, and we decline to treat it further.

CONCLUSION
¶ 11. Jackson makes four assignments of error. One is flatly contradicted on its face by the record. Of the remaining three grounds for appeal, Jackson's argument on both the court's handling of voir dire and admitting hearsay must fail for lack of an appropriate contemporaneous objection. Finally, Jackson erroneously argues that once a prima facie case of racial discrimination a la Batson has been found, that a non-reason for a peremptory challenge is responsive to the burden of Batson. This is not the case, and although nearly any reason may meet the criterion of being facially race-neutral, the reason must still be provided in the instant of the challenge by the proponent of the peremptory challenge.
¶ 12. For the foregoing reasons, we affirm.
*583 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J. AND KING, P.J., THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J. AND IRVING, J., CONCUR IN RESULT ONLY.