858 So.2d 209 (2003)
Henry DENSON a/k/a June-June, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00860-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Walter E. Wood, Ridgeland, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
McMILLIN, C.J., for the court.
¶ 1. Henry Denson, convicted by a Madison County Circuit Court jury of sale of cocaine, has appealed his conviction to this Court. In his appeal, Denson claims three errors in the conduct of his trial that would require this Court to reverse his conviction. They are that (a) the court erred in denying his requested instruction telling the jury to view a cooperating individual's *210 testimony with caution, (b) the court erred in admitting both the audiotape of the alleged drug transaction and a written transcript, and (c) that the verdict of guilty was against the weight of the evidence. We find no merit in these issues and, for that reason, affirm Denson's conviction.

I.

Facts
¶ 2. Testimony offered by the State indicated that Willie Jones, a civilian cooperating with law enforcement, was able to purchase a supply of cocaine from Denson for $60 in cash that had been given to Jones for that purpose by the officers. Jones was wearing a body wire during the transaction which permitted the transaction to be recorded; however, no person directly observed the purported transaction other than Denson and Jones. Law enforcement officers did, however, see Denson drive up to a prearranged location and observed Jones entering Denson's vehicle. Immediately thereafter, officers retrieved a substance from Jones that ultimately proved to be cocaine. They also searched his person and determined that the $60 in "buy" money previously given to him was no longer in his possession.

II.

A Limiting Instruction Regarding the Testimony of Willie Jones
¶ 3. Denson requested the following instruction in regard to the jury's consideration of Jones's testimony:
This Court instructs the jury that the law looks with suspicion and distrust on the testimony of an alleged informant, and requires the jury to weigh same with great care and suspicion. You should weigh the testimony from the alleged informant, and passing on what weight, if any, you should give this testimony, you should weigh it with great care and caution, and look upon it with distrust and suspicion.
¶ 4. The trial court refused the instruction, and Denson now contends that this was reversible error. In support of his argument, Denson relies primarily on the case of Moore v. State, 787 So.2d 1282 (Miss.2001). In fact, the requested instruction is identical to the one the Mississippi Supreme Court considered in reversing Moore's conviction based on the trial court's refusal to give it. Id. at 1286(¶ 13).
¶ 5. The facts in Moore, however, are substantially different. The relevant witness in that case was "a jailhouse informant" whose sole contribution to the prosecution's case was his contention that Moore had confessed to the relevant crimes during a time they were both incarcerated. Id. at 1285(¶ 9). The proof showed that, after reporting the alleged confession, the informant was released from confinement and his attorney testified that, but for the witness's cooperation, he would not, in all likelihood, have been released. Id. at 1286(¶ 14). The supreme court, in finding that the absence of a cautionary instruction concerning this testimony was reversible error, quite pointedly condemned what it referred to as "jailhouse snitch testimony." Id. at 1287(¶ 15).
¶ 6. It is true that cooperating individuals who participate in controlled buys such as occurred in this case are often persons who are in trouble with law enforcement and agree to participate in such activity in the hope of receiving more lenient treatment. Jones admitted on cross-examination that he had agreed to cooperate with law enforcement to make three drug buys in hopes that it would help him in regard to pending criminal charges against him. However, we conclude that Moore deals strictly with the limited subject of uncorroborated *211 testimony of jailhouse snitches and that the circumstances giving rise to Jones's testimony as a participant in this controlled drug buy are so significantly different factually that Moore has essentially no application.
¶ 7. In a somewhat different tack, the defendant in Jones v. State, 740 So.2d 904, 909-10(¶ 17) (Miss.1999), sought a cautionary instruction regarding the testimony of a cooperating individual on the theory that, by participating in a drug transaction, the individual was in essence an accomplice. The supreme court rejected the notion that the witness was an accomplice. Id. at 910(¶ 18). However, the court did observe that the witness had participated in the transaction in hopes of receiving lenient treatment on pending criminal charges and conceded that it was "true that the informant's credibility was attacked." Id. at 909(¶ 16). Nevertheless, the court noted that much of the information testified to by the witness was corroborated by other evidence, and the court further noted that, even in the case of an accomplice's testimony, there is no absolute requirement for a cautionary instruction where corroborative evidence exists. Id. at 909-10(¶ 17).
¶ 8. Though the legal theory upon which a claim for a cautionary instruction in Jones was somewhat different than the one advanced by Denson, we conclude that the Jones decision stands for the proposition that a cautionary instruction is not absolutely required in every case involving the testimony of a cooperating individual, even when there is evidence of potential bias on the part of that witness in favor of the State; especially where the testimony of the witness finds corroboration in other evidence. In the case now before us, there was substantial evidence presented by the State, including an audiotape of the transaction, that corroborated much of the witness's testimony, and we are satisfied that the court did not err when it refused the above-quoted instruction.

III.

Introduction of Audiotape and Transcription.
¶ 9. Denson complains that the trial court permitted the introduction into evidence of both the actual audiotape that the State contended was a recording of the relevant drug transaction as well as a written document purported to be a transcription of the tape. He contends that this had the effect of putting disproportionate emphasis on this particular aspect of the evidence and thereby improperly bolstering its evidentiary value. The trial court rejected that argument when Denson's counsel objected to the introduction of the transcript, and Denson contends on appeal that this was reversible error.
¶ 10. This Court recently held that "transcripts to assist the jury in understanding taped conversations are permissible where the trial judge instructs the jury that the tape is the primary evidence and any conflicts should fall in favor of the recording." Franks v. State, 749 So.2d 1241, 1243(¶ 7) (Miss.Ct.App.1999).
¶ 11. The trial court, in instructing the jury in this case, gave the following instruction:
The Court instructs the jury that the audiotape transcript is admitted for the limited and secondary purpose of aiding the jury in following the content of the conversation. Whether the transcript correctly or incorrectly reflects the content of the conversation is entirely for the jury to determine, and that if the jury should determine that the transcript was in any respect incorrect or unreliable, it should be disregarded to that extent.
¶ 12. We find that the trial court complied appropriately with the applicable law *212 regarding the purpose for which a written transcription of an audiotape might be properly given to the jury and that the jury was correctly instructed as to the limited purpose of that transcript. There was, therefore, no error.

IV.

Weight of the Evidence
¶ 13. We have reviewed the evidence presented at trial in the light most favorable to upholding the jury's verdict as we are required to do by applicable case law. Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998) (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987); Franklin v. State, 676 So.2d 287, 288 (Miss.1996)). The evidence supporting a verdict of guilty has been previously summarized in Part I of this opinion. Viewed in the light favorable to the prosecution's theory of the case, we do not conclude that the verdict was so against the weight of the evidence that the trial court erred in denying Denson's new trial motion on that ground.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED, FIVE YEARS OF SUPERVISED PROBATION AND RESTITUTION OF $5,000, SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.