991 So.2d 185 (2008)
Gregory Vincent BAKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01583-COA.
Court of Appeals of Mississippi.
September 16, 2008.
*186 W. Daniel Hinchcliff, attorney for appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On July 24, 2005, the Coahoma County Sheriff's Department received an anonymous tip from a female stating that she had just left Gregory Vincent Baker's home, and that several people were there "cooking drugs." Deputies Neal Mitchell and Chris Doss responded to the call. Deputy Mitchell knew the location of Baker's house as he had been there numerous times for domestic and drug-related calls.
¶ 2. When the deputies arrived at Baker's address, they stopped at the primary residence, which was occupied by Baker's parents and grandparents. Baker's mother escorted the deputies toward his house trailer, which was located approximately thirty to forty feet behind the primary residence. Before reaching Baker's residence, Baker's mother stopped and told the deputies that she did not want her son to get in any more trouble. As they were standing in front of the trailer, a small child ran to the trailer and knocked on the door. The deputies heard a loud commotion in the trailer and then heard the back door slam. The deputies ran to the side of the trailer and saw four people running behind the trailer. All four were detained. While waiting on backup to arrive, the deputies noticed smoke coming from the trailer and notified the fire department. After the fire department determined that the trailer was not on fire, a search warrant was obtained for the premises. A search of the trailer was conducted, and the deputies found the necessary ingredients for the manufacture of methamphetamine. Later that evening, deputies found Baker wearing muddy clothes and hiding in a closet at his mother's house. He was arrested.
¶ 3. On July 13, 2007, Baker was convicted by a jury in the Circuit Court of Coahoma County of Count I, manufacturing methamphetamine; Count II, possession of precursor chemicals with intent to manufacture methamphetamine; and Count III, conspiracy to manufacture methamphetamine. On Count I, Baker was sentenced to serve ten years with five years post-release supervision, ordered to pay a $5,000 fine, and ordered to pay a $300 fee to the Mississippi Crime Laboratory. On Count II, Baker was sentenced to serve ten years with five years post-release supervision, ordered to pay a fine of $5,000, and ordered to pay a $300 fee to the Mississippi Crime Laboratory. On Count III, he was sentenced to serve three years. The sentences in Counts II and III were ordered to run concurrently to the sentence imposed on Count I, with all sentences to be served in the custody of the Mississippi Department of Corrections. Baker now appeals, asserting the following issues: (1) the trial court improperly denied his motion to suppress, and (2) the State's comments during closing argument constituted plain error.
¶ 4. Finding no error, we affirm.

*187 ARGUMENT

I. DID THE TRIAL COURT ERR IN DENYING BAKER'S MOTION TO SUPPRESS EVIDENCE?
¶ 5. Baker argues that the trial court erred in denying his motion to suppress the evidence seized in the deputies' search of his home. Baker asserts that the deputies' presence on his property was the result of an anonymous tip that lacked reliability and was based on stale evidence. Therefore, Baker argues that the deputies were conducting an illegal search when the occupants of the trailer were "flushed" out; thus, the resulting search warrant and evidence seized were tainted as fruit of the poisonous tree.
¶ 6. Our standard of review of a trial court's ruling on a motion to suppress is whether substantial and credible evidence existed to support the ruling. Qualls v. State, 947 So.2d 365, 372(¶ 18) (Miss.Ct. App.2007). "As with all evidentiary issues, our standard for reviewing a trial judge's admission or exclusion of evidence is one of abuse of discretion." Taggart v. State, 957 So.2d 981, 989(¶ 17) (Miss.2007).
¶ 7. In order to find that the evidence from Baker's trailer was illegally seized, we must first find that the deputies were illegally on Baker's property when they saw the four suspects fleeing from the trailer. We find Baker's assertion that the deputies should not have responded to the anonymous tip to be without merit. We find that the tip, even though from an anonymous informant, contained sufficient evidence to warrant a further investigation. The caller gave the deputies fresh information  that she had just left Baker's residence and saw people "cooking drugs"  and the deputies were familiar with Baker's address because they had responded to drug-related incidents at his residence in the past.
¶ 8. Baker points us to Florida v. J.L., 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), which states that "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity...." (quoting Alabama v. White, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). However, the United States Supreme Court has also stated that "[s]ome tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized." Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Further, this Court has stated that "an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest." Linson v. State, 799 So.2d 890, 893(¶ 8) (Miss.Ct.App. 2001) (quoting Estes v. State, 533 So.2d 437, 441 (Miss.1988)). The trial judge found, and we agree, that this was an instance that required further investigation. Deputy Mitchell testified at the suppression hearing that they responded to the call because "[i]t is our job to respond. And if we didn't respond, then we could be held liable because the information was given to us and we did not act on it." Deputy Mitchell further testified that the main reason that they responded to the anonymous call was to investigate the complaint further.
¶ 9. We cannot find that the trial judge abused his discretion in finding that the deputies had a duty to further investigate the anonymous tip. Once on the property, the deputies only proceeded to Baker's trailer with his mother's permission. The search warrant was not obtained based on the anonymous tip; rather, it was based on the suspicious activity that occurred on the property while the deputies were being escorted to the trailer by Baker's mother. Consequently, we find that the search was *188 legal, and the evidence was properly admitted by the trial court.

II. DID THE TRIAL COURT ERR BY ALLOWING THE STATE TO COMMENT ON BAKER'S CHOICE NOT TO TESTIFY?
¶ 10. Baker argues that the trial court erred by allowing the State to allude in closing arguments to Baker's choice not to testify on his own behalf. Since a contemporaneous objection was not made to the statement, Baker's argument before this Court must rely upon plain error in order to reverse. Stubbs v. State, 811 So.2d 384, 387(¶ 9) (Miss.Ct.App.2001).
¶ 11. During closing arguments, the State made the following statement:
Defense counsel would love to have you believe that Carl Burleson is to blame for everything. That's because Carl Burleson is here. He's an easy target. He's in those striped pants and that white shirt with MDOC on his back. The truth is, ladies and gentlemen, that Carl Burleson stood up. When he got caught, he stood up, and he told the truth to the police, and he told the truth to you here today. He told the truth everywhere along the line. He took responsibility for what he did, and he asked for help with his addiction. The defendant, Vince Baker, has never done that. He doesn't have the fortitude to stand up and take responsibility for what he did, like Carl Burleson took responsibility. Instead he hid. He hid in that trailer until he could sneak out. He hid in the house until he got pulled out by police officers. He is now hiding behind his family in hopes that you will believe that his family wouldn't lie for him.
The comments at issue were made by the State in response to Baker's argument that Carl Burleson was responsible for the manufacture of methamphetamine in Baker's trailer. Burleson, who had fled the trailer upon the arrival of the deputies, pleaded guilty.
¶ 12. "The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2000). While it is reversible error for a prosecuting attorney to comment on the defendant exercising his constitutional right not to testify, we cannot find that the prosecutor's statements in this case amounted to plain error. See Ladner v. State, 584 So.2d 743, 754 (Miss.1991). Given the overwhelming evidence against Baker, we cannot find that an unjust prejudice was created such that the statements influenced the jury's decision. The jury heard evidence that a methamphetamine lab was found in Baker's house, a sign was found referring to his trailer as a "dope house," and a handwritten guide, which was entitled "The House Rules Book" with a picture of a piece of tinfoil with a flame underneath it, was found explaining how to use methamphetamine. Further, Burleson testified that he took red devil lye, pills, and lithium batteries to Baker's trailer on the day of Baker's arrest for the purpose of manufacturing methamphetamine. He also testified that before the deputies arrived, he used methamphetamine that Baker had cooked earlier that day.
¶ 13. Even though we do not find plain error in this case, we must again "caution all prosecutors against negatively commenting on a defendant who exercises his constitutionally protected rights, whether that is the right to silence or the right to a trial." Hampton v. State, 815 So.2d 429, 432-33(¶ 15) (Miss.Ct.App.2002). However, *189 as we find no reversible error, Baker's convictions and sentences are affirmed.
¶ 14. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, MANUFACTURE OF A CONTROLLED SUBSTANCE, AND SENTENCE OF TEN YEARS WITH FIVE YEARS OF POST-RELEASE SUPERVISION; COUNT II, POSSESSION OF PRECURSOR CHEMICALS WITH INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE, AND SENTENCE OF TEN YEARS WITH FIVE YEARS OF POST-RELEASE SUPERVISION; COUNT III, CONSPIRACY, AND SENTENCE OF THREE YEARS, WITH SENTENCES IN COUNTS II AND III TO RUN CONCURRENTLY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, A FINE OF $10,000, AND A FEE OF $600 TO THE MISSISSIPPI CRIME LABORATORY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.