BARNES, J„ for the Court:
 

 ¶ 1. Robert Mitchell Hilliard appeals his conviction for the sale of a Schedule II controlled substance (cocaine) and the resulting sentence. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 24, 2007, Phillip Melton was arrested by the Flowood Police Department on two counts of possession of a controlled substance (hydrocodone and Xanax®), an expired tag, and a suspended driver’s license. Melton, a habitual offender, was on house arrest at the time. Melton agreed to cooperate with the police and act as a confidential informant, making controlled drug purchases or “buy-busts.” Later that evening, the police gave Melton two hundred dollars to purchase drugs and attached a body transmitter, or “wire,” to Melton. After the first drug purchase and subsequent arrest, Melton was searched. One of the officers testified that drugs were found concealed in Melton’s mouth. As a result, the officers took Melton back to the police station and performed a strip search before the second controlled drug purchase.
 

 ¶ 3. Melton, in the presence of the police, called Hilliard on his cell phone and told him that he wanted to purchase two hundred dollars’ worth of cocaine. Approximately thirty minutes later, Hilliard arrived at the pre-arranged meeting site, and he and Melton exchanged drugs and money through the window of Hilliard’s car; this exchange was witnessed by the police. Hilliard started to drive away but was quickly stopped by law enforcement. No drugs, weapons, or drug money was found in the car. However, a quick search of the surrounding area was conducted,
 
 *655
 
 and the “drug buy” money was recovered approximately one hundred yards from where the transaction took place. A police officer later testified that the police-car video showed that Hilliard threw something out the window when the police car’s blue lights were activated.
 

 ¶ 4. After a jury trial, Hilliard was convicted of the sale of a Schedule II controlled substance (cocaine). As Hilliard had a previous conviction for possession of a controlled substance, he was given an enhanced sentence under Mississippi Code Annotated section 41-29-147 (Rev.2009). Hilliard was sentenced to forty-five years in the custody of the Mississippi Department of Corrections, but after he serves thirty years in custody, he is to be released and placed on supervised post-release supervision for five years. Hilliard was also ordered to pay court costs, fees, and assessments totaling $1,307.50, and he was fined $10,000, with $5,000 suspended.
 

 ¶ 5. On October 31, 2008, Hilliard filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. A hearing on the motion was set for December 8, 2008. Hilliard had already filed his notice of appeal on December 1, 2008, prior to any ruling by the circuit court on the motion. No decision on Hilliard’s motion had been filed more than a year later. This Court entered an order on April 15, 2010, requesting that the circuit court rule on the motion in order that this Court might obtain jurisdiction over the appeal.
 
 See
 
 M.R.A.P. 4(e). The circuit court denied Hilliard’s motion on April, 19, 2010, and we now consider the merits of this appeal.
 

 I. Whether the circuit court erred in denying Hilliard’s motion for continuance.
 

 ¶ 6. The State submitted the audio recording of the drug-sale transaction and the video of the traffic stop of Hilliard that immediately followed the drug sale to defense counsel on the morning of the pretrial conference, one day before trial. Defense counsel entered a motion for a continuance in order to have more time to review the tapes. Additionally, the defendant stated that he needed more time to hire new counsel. The circuit court judge denied the motion for continuance.
 

 ¶ 7. This Court reviews a circuit court’s grant or denial of a motion for continuance under an abuse-of-discretion standard and will only reverse “when manifest injustice appears to have resulted from the decision to deny the continuance.”
 
 Watson v. State,
 
 991 So.2d 662, 667 (¶ 13) (Miss.Ct.App.2008) (quoting
 
 Jacobs v. State,
 
 870 So.2d 1202, 1205 (¶ 7) (Miss.2004)).
 

 ¶ 8. At the hearing on the pretrial motion, the State contended that it had no intention of using the audio and video evidence at trial. Hilliard claims, however, that the State alluded to the tapes during the trial. The first mention of any recording is during the State’s direct examination of Melton, when it asked whether a “body wire or audio monitoring device” had been installed on Melton; Melton answered in the affirmative. Additionally, there was testimony by Officer Donald McBee during direct examination that the traffic-stop video showed money being thrown from the vehicle. Hilliard argues that nothing corroborates this testimony. We disagree. Officer Robert Cullom testified that he searched the roadside after the traffic stop and found the “drug buy” money on the ground.
 

 ¶ 9. Furthermore, defense counsel never objected to these questions or testimony. Generally, the “[fjailure to object at trial acts as a procedural bar in an appeal.”
 
 Jackson v. State,
 
 832 So.2d 579,
 
 *656
 
 581 (¶ 3) (Miss.Ct.App.2002) (citing
 
 Carr v. State,
 
 655 So.2d 824, 853 (Miss.1995)). We observe that defense counsel also thoroughly questioned the police officers, during cross-examination, regarding the audio-taped transaction and the video of the traffic stop.
 

 ¶ 10. As for Hilliard’s request for new counsel, the circuit court noted that the trial date had been set for several months, giving Hilliard ample time to acquire new counsel. Current defense counsel told the circuit judge that he was ready and willing to proceed to trial. We find no abuse of discretion in the circuit court’s denial of Hilliard’s motion for a continuance.
 

 II. Whether the prosecutor’s comments during closing arguments were prejudicial.
 

 ¶ 11. This Court reviews alleged misconduct by counsel during opening statements or closing arguments to see if “the natural and probable effect of the improper argument ... create[s] unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.”
 
 Baker v. State,
 
 991 So.2d 185, 188 (¶ 12) (Miss.Ct.App.2008) (quoting
 
 Sheppard v. State,
 
 777 So.2d 659, 661 (¶ 7) (Miss.2000)). During closing arguments, the prosecution made a statement that defense counsel was going to “talk about that this defendant lied.” Hilliard’s counsel objected and moved for a mistrial. The State clarified that it was referring to Melton, the confidential informant, and admitted its error. Although he did not grant a mistrial, the circuit judge sustained the objection, informed the jury that the statement was made in error, and reminded the jury that they could not “hold against [Hil-liard] the fact that he did not testify.” We find this statement by the prosecution was not prejudicial to Hilliard.
 

 ¶ 12. Hilliard also contends that the State’s remark' — -that the defense “could have introduced” the video or audio tapes into evidence if it believed that the tapes contradicted the officers’ testimonies — was prejudicial as it commented on Hilliard’s failure to testify. “A criminal defendant has the right to elect not to take the witness stand in his own defense,” but this constitutional interest must be balanced by the wide latitude attorneys are given in making their closing arguments.
 
 Wright v. State,
 
 958 So.2d 158, 161 (¶ 7) (Miss.2007). While “a direct reference to the defendant’s failure to testify is strictly prohibited, all other statements must necessarily be looked at on a case by case basis.”
 
 Id.
 
 (quoting
 
 Jimpson v. State,
 
 532 So.2d 985, 991 (Miss.1988)). Prosecutorial comments must be examined in context.
 
 Dora v. State,
 
 986 So.2d 917, 923 (¶ 12) (Miss.2008) (quoting
 
 United States v. Robinson,
 
 485 U.S. 25, 33, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988)). “[N]ot every comment regarding the lack of any defense is automatically deemed to point toward the de-fen[dant]’s failure to testify.”
 
 Id.
 
 (quoting
 
 Wright,
 
 958 So.2d at 166 (¶ 24)). The State may remark “on the lack of any defense, and such comment will not be construed as a reference to the defendant’s failure to testify by innuendo and insinuation.”
 
 Id.
 
 at (¶ 11) (quoting
 
 Wright,
 
 958 So.2d at 161 (¶ 7)). The question is whether the prosecutor’s statement can be construed as commenting upon the failure of the defendant to take the stand.
 
 Id.
 
 Here, we find it was not. The State explained it had meant the confidential informant and not Hilliard in its statement. Furthermore, the circuit court sustained the defense’s objection and told the jury to disregard the misstatement. Accordingly, this issue is without merit as the circuit court did not abuse its discretion in denying defense counsel’s request for a mistrial.
 

 
 *657
 
 III. Whether the circuit court erred in denying the defense’s jury instruction regarding the testimony of the confidential informant.
 

 ¶ 13. At trial, the defense submitted Juiy Instruction D-6, which states:
 

 Phillip Melton testified that he was involved in a criminal activity and has implicated Robert Mitchell Hilliard. Whenever one person testifies against another for personal gain, such is to be considered and weighed with great care, caution and suspicion. You may give it such weight and credit as you deem it is entitled. You should never convict based on such testimony unless you believe such testimony beyond a reasonable doubt.
 

 The circuit judge denied the jury instruction as an accomplice or co-defendant instruction; he also found that it was cumulative. Although Hilliard argued at trial that Melton was an accomplice since he was involved in a criminal activity, we find the circuit judge correctly rejected this reasoning. Melton was working for the police department, and his arrest two hours prior to this drug transaction was not related to this ease wherein he acted as an informant.
 

 ¶ 14. Admittedly, an informant’s testimony, by its nature, is “looked upon with suspicion and distrust.”
 
 Williams v. State,
 
 32 So.3d 486, 492 (¶ 21) (Miss.2010) (citing
 
 Austin v. State,
 
 784 So.2d 186, 193 (¶ 21) (Miss.2001)). However, this Court has held that “a cautionary instruction is not absolutely required in every case involving the testimony of a cooperating individual, even when there is evidence of potential bias on the part of that witness in favor of the State [-] especially where the testimony of the witness finds corroboration in other evidence.”
 
 Denson v. State,
 
 858 So.2d 209, 211 (¶ 8) (Miss.Ct.App.2003).
 
 Denson
 
 also involved a confidential informant making controlled drug purchases for law enforcement. Further, there was other evidence presented in this case, namely the police officers’ testimonies, which corroborated Melton’s testimony.
 

 ¶ 15. We also agree that the jury instruction was cumulative. The circuit court instructed the jury, in Jury Instruction C-l: “It is your prerogative to determine what weight and what credibility will be assigned the testimony and supporting evidence of each witness in this case.” Accordingly, we find no error in the denial of Jury Instruction D-6.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF FORTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THIRTY YEARS TO SERVE, FIFTEEN YEARS SUSPENDED, FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $10,000 FINE, WITH $5,000 SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.