ISHEE, J.,
for the Court:
¶ 1. Keith Cassidy was convicted in the Hinds County Circuit Court of one count of possession of cocaine. He was sentenced as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev.2009). He had been convicted in 1996 of sale of cocaine. Prior to *337 sentencing, Cassidy filed a motion in the trial court to expunge his 1996 conviction. Cassidy was then sentenced as a subsequent drug offender to thirty-two years in the Mississippi Department of Corrections (MDOC), with ten years suspended and five years of supervised probation. After sentencing, Cassidy’s motion to expunge was denied. Cassidy now appeals arguing (1) the trial court erred by denying his motion to expunge his 1996 possession-of-cocaine conviction; (2) the trial court erred by failing to postpone sentencing until a ruling was made on the motion to expunge; (3) the State failed to prove Cassidy’s prior convictions for the purpose of enhanced sentencing; and (4) the trial court erred by refusing to allow certain evidence to impeach a witness for the State. Finding no reversible error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Cassidy was indicted in the .trial court for Counts I, II, and III, sale of cocaine; Count IV, possession of cocaine with intent to distribute within 1,500 feet of a building or outbuilding that is all or part of a public elementary school; Count V, possession of a weapon by a felon; Count VI, bribery of a witness; and Count VII, tampering with a witness. The indictment also charged Cassidy as a subsequent drug offender due to his March 1996 conviction for possession of cocaine. During the course of the trial, the State decided against proceeding with Counts VI and VII because the subject of those counts, Virginia Shoemake, revealed evidence that called her previous testimony into question. The trial court then entered a directed verdict on those two counts. At the close of the trial, a directed verdict was also entered for Count V based on the State’s failure to present any evidence that Cassidy was a convicted felon.
¶ 3. After deliberations, the jury was unable to reach an agreement for Counts I, II, and III, and a mistrial was declared on those counts. For Count IV, the jury found Cassidy not guilty of possession of cocaine with intent to sell within 1,500 feet of an elementary school. However, it found him guilty of possession of cocaine in violation of Mississippi Code Annotated section 41-29-139(c)(l)(C) (Rev.2009).
¶ 4. During the sentencing hearing, the defense counsel requested the postponement of sentencing due to a pending motion to expunge Cassidy’s 1996 possession-of-cocaine conviction. The State sought to sentence Cassidy as a subsequent drug offender under Mississippi Code Annotated section 41-29-147; thus, the defense counsel wanted to postpone sentencing so that Cassidy could escape the subsequent drug offender enhancement. The State argued that even if the 1996 conviction was expunged, Cassidy had a 2001 possession-of-marijuana conviction that would nonetheless qualify him as a subsequent drug offender. The trial judge denied the defense counsel’s request.
¶ 5. Cassidy was then sentenced to serve thirty-two years in the custody of the MDOC, with ten years suspended and five years of supervised probation. His sentence was enhanced based on his status as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 due to his 1996 conviction for possession of cocaine. Although Cassidy moved to have his 1996 conviction expunged, the trial court denied his motion on November 4, 2011.
¶ 6. On appeal Cassidy argues (1) the trial court erred by denying his motion to expunge his 1996 possession-of-eocaine conviction; (2) the trial court erred by failing to postpone sentencing until a ruling was made on the motion to expunge; (3) the State failed prove Cassidy’s prior *338 convictions for the purpose of enhanced sentencing; and (4) the trial court erred by refusing to allow certain impeachment evidence.
DISCUSSION
I. Motion to Expunge
¶ 7. When Cassidy pleaded guilty to possession of cocaine in 1993, he was placed on two years of supervised probation and ordered to pay a $200 fine. However, the trial court withheld acceptance of Cassidy’s guilty plea, adjudication of guilt, and imposition of the sentence pursuant to Mississippi Code Annotated section 41-29-150(d)(1) (Supp.2012). In January 1995, the State filed a petition to accept the guilty plea and sentence the defendant. The State alleged that Cassidy had violated his supervised probation because he had failed to report, to pay supervision fees, and to avoid injurious and vicious habits. In March 1996, the trial court entered an order finding Cassidy guilty and sentenced him to eighteen months, with twelve months suspended, in the custody of the MDOC.
¶ 8. In March 2010, Cassidy filed a motion to expunge his 1996 conviction. The trial court denied the motion to expunge in November 2011. The trial court stated the “motion was untimely filed, after-the-fact, in an attempt to change the ... [subsequent [ojffender sentencing status of the [d]efendant[.]”
¶ 9. Mississippi Code Annotated section 41-29-150(d)(2) is the statute section under which Cassidy requested expungement. That section of the statute was recently amended in 2010. Cassidy argues the trial court applied the recently amended section of the statute instead of the statute as it stood during the time of his conviction. He asserts that this constitutes an unconstitutional ex post facto application of the law.
¶ 10. Mississippi Code Annotated section 41-29-150(d)(2) (Supp.2012) applies after the charges have been dismissed. Mississippi Code Annotated section 41-29-150(d)(1) controls the dismissal of the charges. It states in part: “If during the period of his probation such person does not violate any of the conditions of probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him.” Miss.Code Ann. § 41-29-150(d)(l). However, “[ujpon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided.” Id.
¶ 11. Here, Cassidy’s charges were never dismissed; therefore, section 41-29-150(d)(2) does not apply. He violated his probation by failing to report to his probation officer, failing to pay his supervision fees, and failing to avoid injurious and vicious habits. The trial court then adjudicated his guilt and sentenced him to a period of incarceration in the custody of the MDOC. Hence, while Cassidy argues the trial court applied the wrong version of section 41-29-150(d)(2), that section does not apply because the charges were never dismissed. Accordingly, this issue is without merit.
II. Denial of Request for Postponement of Sentencing
¶ 12. “This Court réviews a circuit court’s grant or denial of a motion for [a] continuance under an abuse-of-discretion standard and will only reverse ‘when manifest injustice appears to have resulted from the decision to deny the continuance.’ ” Hilliard v. State, 42 So.3d 653, 655 (¶ 7) (Miss.Ct.App.2010) (citations omitted). Cassidy argues the trial court erred by denying his request to postpone *339 his sentencing until the resolution of his motion to expunge. He asserts that the expungement would relieve him of his status as a subsequent drug offender. The State claims the issue is waived because Cassidy never raised the issue in his motion for a new trial. However, even if the issue is not procedurally barred, the State argues there was no manifest injustice resulting from the trial court’s denial of his request for postponement.
¶ 13. “Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court.” Griffin v. State, 824 So.2d 632, 635 (¶ 7) (Miss.Ct.App.2002). Cassidy never raised the issue in his motion for a new trial; thus, the issue is procedurally barred. Procedural bar notwithstanding, we will address the issue on the merits.
¶ 14. As noted above, Cassidy’s motion to expunge was ultimately denied. Therefore, even if a continuance was granted, the outcome would have remained the same. Furthermore, Cassidy could have sought relief in the trial court through resentencing had his motion to expunge been granted. Finally, Cassidy’s possession-of-marijuana conviction was sufficient to subject him to enhanced sentencing even if his possession-of-coeaine conviction had been expunged. Accordingly, there was no manifest injustice that resulted from the denial of his request for a continuance. This issue is without merit.
III. State’s Failure to Prove Cassi-dy’s Prior Convictions
¶ 15. Cassidy argues the State failed to prove the existence of his prior convictions through documentary proof for the purpose of enhanced sentencing. The State concedes it did not submit an authenticated copy of any document to demonstrate the existence of the 1996 conviction. However, the State argues the defense counsel’s admission that Cas-sidy was convicted of possession of cocaine is sufficient proof for the purposes of enhanced sentencing.
¶ 16. This Court has previously found that “[ajdmissions to prior criminal convictions are sufficient to permit a finding of habitual status.” Sanders v. State, 786 So.2d 1078, 1082 (¶ 14) (Miss.Ct.App.2001). Likewise, we find this reasoning applies to sentencing as a subsequent drug offender. During the sentencing hearing, the trial judge asked defense counsel: “[Y]ou would agree that [Cassidy] was indeed convicted of [possession of cocaine], correct?” Defense counsel replied: “Yes, Your Honor.... ” Thus, defense counsel readily admitted that Cassidy was previously convicted of possession of cocaine. This admission to the 1996 criminal conviction constitutes sufficient proof to sentence Cassidy as a subsequent drug offender. This issue is without merit.
IV. Refusal to Allow Impeachment Testimony
¶ 17. Cassidy argues the trial court erred by refusing to allow the defense counsel to impeach a witness for the State based on her alleged prostitution and three felony arrests. We review the admission or exclusion of evidence under an abuse-of-discretion standard. Williams v. State, 54 So.3d 212, 213 (¶ 5) (Miss.2011) (citation omitted). “The trial court’s decision will stand unless the reviewing court concludes that the decision was arbitrary and clearly erroneous, amounting to an abuse of discretion.” Id. (citation omitted).
¶ 18. Jessica Wilson was the State’s key witness in this case. She was a confidential informant for the Mississippi Bureau of Narcotics (MBN). Wilson testified at trial that on April 13, 2009, she met *340 with a MBN agent to arrange for her to make a drug purchase. After being outfitted with audio and video recording devices and provided with money, Wilson purchased cocaine from Cassidy. She purchased cocaine from Cassidy again on April 14, 2009, and April 15, 2009. Wilson admitted during her testimony that she had been addicted to cocaine, convicted for selling cocaine, and enrolled in a rehabilitation center several times.
¶ 19. Kenneth Blanford, an agent with the MBN, testified during a proffer outside of the presence of the jury. He acknowledged that Wilson had been arrested for one count of auto theft during the summer of 2009, and two counts of criminal mischief in February 2010. Agent Blan-ford also testified that Wilson began working with the MBN after officers discovered her attempting to engage in prostitution. However, according to Agent Blanford, Wilson was never charged with anything, and “she has not worked any charges off for the [MBN] in this time period.” He also testified that Wilson entered Whitfield State Hospital in June 2009.
¶ 20. The defense counsel sought to have Wilson’s arrests and alleged prostitution presented before the jury. However, the trial court ruled the information was inadmissible pursuant to Mississippi Rules of Evidence 408 and 609. The trial court found “the probative value of the introduction of such evidence would not be outweighed by the prejudicial value.”
¶ 21. Cassidy asserts the trial court abused its discretion by refusing to permit the defense counsel to cross-examine Wilson about her alleged prostitution and three felony arrests. He claims the trial court violated his right to fully confront Wilson. Cassidy further argues the alleged prostitution and felony arrests affect the credibility and bias of Wilson; thus, the jury should have been allowed to hear the information.
¶ 22. Mississippi Rule of Evidence 609(a) permits admission of a witness’s prior convictions if “punishable by death or imprisonment in excess of one year[.]” Thus, charges brought against the witness must have resulted in a conviction in order to be admissible under Rule 609(a). See Fuller v. State, 910 So.2d 674, 679 (¶ 13) (Miss.Ct.App.2005). Because Wilson’s charges had not resulted in a conviction, they were properly excluded by the trial court.
1128. Furthermore, the introduction of the charges should not have been permitted in order to establish favorable treatment or bias. Wilson made the purchases as a confidential informant in April 2009. She was arrested during the summer of 2009 and again in February 2010. Thus, the two arrests could not be used to show bias or favorable treatment because both arrests occurred after the date in which she purchased the cocaine from Cassidy as a confidential informant. Hence, there was no correlation between the arrests and her purchases of cocaine from Cassidy.
¶ 24. With regard to the alleged prostitution, we find the trial court should have allowed the defense counsel to cross-examine Wilson regarding any favorable treatment she may have received. In Suan v. State, 511 So.2d 144, 146 (Miss.1987), the Mississippi Supreme Court reversed and remanded the case for a new trial where the defense counsel was not permitted to cross-examine the State’s key witness regarding criminal activity in which he was involved but never actually prosecuted. The defense counsel wanted to show that the witness received leniency in exchange for his testimony against the defendant. Id. at 146. The supreme court stated: “Evidence that a material witness has received favored treatment at the *341 hands of law enforcement authorities, particularly where that -witness is himself subject to prosecution, is probative of the witnesses] interest or bias and may be developed through cross-examination or otherwise presented to the jury.” Id. at 147-48 (citations omitted). Here, as in Suan, the trial court should have permitted the defense counsel to cross-examine Wilson regarding any leniency she may have received with regard to her purchase of the drugs or her testimony. Although the trial court should have permitted the defense counsel to question Wilson regarding her alleged prostitution, we nonetheless find the error harmless.
¶ 25. When determining if an error was harmless, we must consider “whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” Moffett v. State, 49 So.3d 1073, 1099 (¶ 85) (Miss.2010) (quoting Brown v. State, 995 So.2d 698, 704 (¶ 25) (Miss.2008)). Cassidy was ultimately acquitted on the sale-of-eocaine charge. The only charge he was convicted of, possession of cocaine, was based on evidence obtained during a search of his home. Therefore, it is clear that the trial court’s failure to permit the defense counsel to cross-examine Wilson regarding her alleged prostitution did not contribute to the one charge for which Cassidy was convicted. This issue is without merit.
¶ 26. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE AS A SUBSEQUENT DRUG OFFENDER OF THIRTY-TWO YEARS, WITH TEN YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.