**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2000-CT-00822-SCT**

*CHRISTOPHER MORRIS*

*v.*

*STATE OF MISSISSIPPI*

**ON WRIT OF CERTIORARI**

DATE OF JUDGMENT:              08/11/1999
TRIAL JUDGE:                   HON. KENNETH L. THOMAS
COURT FROM WHICH APPEALED:     COAHOMA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       DEREK D. HOPSON, SR.
                               HOWARD BROWN
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
DISTRICT ATTORNEY:             LAURENCE Y. MELLEN
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                   THE JUDGMENT OF THE COURT OF
                               APPEALS IS REVERSED AND THE
                               JUDGMENT OF THE CIRCUIT COURT OF
                               COAHOMA COUNTY IS REINSTATED AND
                               AFFIRMED - 03/16/2006
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Christopher Morris was convicted of simple assault upon a law enforcement officer and

sentenced to five years with one and one-half of those years suspended. Morris's appeal was

assigned to the Court of Appeals, *see* M.R.A.P. 16(c), which reversed and remanded for a new

trial. *See* ***Morris v. State***, ___ So. 2d ___, 2005 WL 2277614 (Miss. Ct. App., Sept. 20,

2005). Having considered Morris's claims of prosecutorial misconduct, insufficient police investigation and insufficiency of the evidence, we affirm the circuit court's judgment.

**FACTS**

¶2. Suspecting Morris of stealing a pair of shoes from a shoe store, Officer Chambers, a Clarksdale police officer, pursued Morris. According to Officer Chambers, Morris brandished a gun. In response, Officer Chambers fired his gun at Morris. After he was apprehended, Morris was charged with simple assault upon a law enforcement officer. Morris's defense at trial was that he did not have a gun in his possession and the police planted the gun in an attempt to cover up an unjustified use of force by police.

¶3. On the day Morris's trial was set to begin, defense counsel presented the State with a list of nineteen previously undisclosed defense witnesses. After the State made an ore tenus motion to exclude the defense witnesses, the circuit court held a hearing. The State argued the late disclosure prejudiced the State because it did not know what the proposed witnesses' testimony would be. Then defense counsel made a proffer of each of the proposed witnesses' testimony. Some witnesses were permitted to testify; some were excluded; and some were withdrawn by Morris.

¶4. Only two of the witnesses who were excluded are at issue on appeal. Tasha Leflore would have testified that Officer Chambers asked Morris if he had stolen the shoes; Morris responded that he had not; and then Morris walked away. She did not see Morris with a gun. Nathaniel Parish would have testified that he saw a white-handled pistol in Officer Chambers'

back pocket – the same type of gun Morris allegedly pointed at Officer Chambers. The circuit judge excluded these two witnesses, finding that their testimony would prejudice the State.

¶5. Morris was subsequently convicted of simple assault upon a law enforcement officer. On appeal, Morris asserts as error: (1) discovery violations by the police department and district attorney's office warranting a reversal of the verdict or a new trial; and (2) insufficiency of the evidence to support the verdict. On the discovery issue, Morris alleges local police either knew of his potential witnesses and failed to disclose their identities to him or should have known of the witnesses but did not because of an inadequate investigation. Morris contends these actions or failures to act caused him to be late in designating these witnesses. The Court of Appeals reversed and remanded for a new trial, finding that the circuit judge abused his discretion in not allowing Morris's alibi witnesses to testify. We granted the State's petition for writ of certiorari. *See* M.R.A.P. 17.

## DISCUSSION

### I. WHETHER THE CIRCUIT COURT ERRED IN EXCLUDING LEFLORE AND PARISH'S TESTIMONY.

¶6. The Court of Appeals held that it was error for the circuit court to exclude the testimony of Tasha Leflore and Nathaniel Parish. The State asserts that (1) because Morris did not raise this issue on appeal, the Court of Appeals should not have addressed it; (2) the actual issue raised by Morris was whether discovery violations by the police and district attorney's office warranted a reversal of the circuit court's verdict or a new trial; and (3) it was inappropriate for the Court of Appeals to address this issue because issues not raised in an

3

appellate brief should not be considered on appeal. *See Sanders v. State*, 678 So. 2d 663, 666-70 (Miss. 1996); *Boykin v. Boykin*, 565 So. 2d 1109, 1112 (Miss. 1990); *Palmer v. Biloxi Regional Medical Center, Inc*., 564 So. 2d 1346, 1360 (Miss. 1990).

¶7.    The Court of Appeals held that, although Morris framed his argument as one concerning discovery violations by the State, the real issue centered around the circuit court's exclusion of defense witnesses.  "The crux of the issue is whether Morris was prejudiced by the trial court's excluding and/or limiting the testimony of certain defense witnesses . . . ."   *Morris*, 2005 WL 2277614, at *2.  We find the Court of Appeals properly addressed the issue because it implicates a basic constitutional right – the Sixth Amendment's Compulsory Process Clause.[1]  *See, e.g., Taylor v. Illinois*, 484 U.S. 400, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988).

¶8.    In criminal cases which have issues pertaining to the exclusion of evidence or witnesses due to discovery violations, we look to Mississippi Rule of Uniform Circuit and County Court Practice 9.04(I), which provides that, if, prior to trial, the circuit court is made aware of one party's failure to comply with an applicable discovery rule, it has the discretion to allow such evidence to be presented at trial, to grant a continuance, or to enter such an order as it deems just under the circumstances.   If the circuit court determines that the defendant's newly-discovered evidence or witnesses are prejudicial to the State, the State must ask for a continuance so that it may review the evidence or interview the witnesses and thus become prepared to counter the same.   *Even if the State does not ask for a continuance, the circuit*

---

[1]The Compulsory Process Clause bestows upon a criminal defendant "the right to compel the presence and present the testimony of witnesses." *Taylor*, 484 U.S. at 409.

*court cannot exclude the evidence.* **Carraway v. State**, 562 So. 2d 1199, 1203 (Miss. 1990). To do so would be to violate the Compulsory Process Clause.

¶9.     There is an exemption to this procedure, however: if the circuit court determines that the "defendant's discovery violation is 'willful and motivated by a desire to obtain a tactical advantage,'" the newly-discovered evidence or witnesses may be excluded. **Id**. at 1203 (quoting **Darby v. State**, 538 So. 2d 1168, 1176 (Miss. 1989)); *see also* **Taylor**, 484 U. S. at 415. We find Morris's discovery violation was willful and motivated by a desire to obtain a tactical advantage, and therefore the circuit court, even though it did not use the proper procedure, properly excluded the evidence. The only reason proffered by Morris for failure to designate these witnesses sooner was the police department's failure to find these witnesses and give the names to Morris through discovery. The record shows that, while defense counsel had two hearings in federal court the week prior to Morris's trial, defense counsel had represented Morris since the arraignment which was held approximately six weeks prior to the trial. Morris violated the discovery rule by failing to give the State the defense's witness list when the State provided its list to defense counsel. Defense counsel waited until the weekend prior to the trial, which began on a Monday, to find defense witnesses. Finally, and most importantly, instead of giving the list of defense witnesses to the State one or two days prior to trial, defense counsel waited until the morning the trial began. To blame the prosecution or the police department for his own failure to investigate and failure to abide by the discovery rules is disingenuous at best. This issue is without merit.

## II. WHETHER MORRIS'S RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE STATE'S ALLEGED DISCOVERY VIOLATIONS AND THE POLICE'S ALLEGED INSUFFICIENT INVESTIGATION.

¶10. Morris contends that the State committed serious discovery violations by failing to provide the names of witnesses potentially helpful to Morris's case in a timely fashion. He argues that the State's delay in the production of those names forced him to produce a list of witnesses he intended to call at the last minute before trial. However, the record is devoid of any evidence of discovery violations or undue delay by the State in producing the identities of potential witnesses, and Morris failed to present any evidence or testimony that would lead to the conclusion that the State waited to produce a list of witnesses to the defense.

¶11. In response to defense counsel's allegation of delay during the hearing on the State's motion to exclude Morris's witnesses, the State asserted that it did not even know who some of the proposed witnesses were or what connection they had with the case against Morris. Specifically concerning the two witnesses at issue in this appeal, Leflore and Parish, Morris simply made no showing how the police could have known of them and thus failed to disclose them.

¶12. "For a discovery violation to require reversal there must be a showing of prejudice and the non-disclosed material must be more than simply 'cumulative.'" *McCoy v. State*, 811 So. 2d 482, 484 (Miss. Ct. App. 2002) (citing *Prewitt v. State*, 755 So. 2d 537, 541 (Miss. 1999); *Buckhalter v. State*, 480 So. 2d 1128, 1128 (Miss. 1985)). There is nothing in the record showing knowledge on the part of the State of either Leflore or Parish. Morris simply cannot

6

substantiate his claims against the State and, thus, cannot show that a discovery violation was committed by the State or that he was prejudiced in any way.

¶13. Concerning Morris's claim that an inadequate police investigation warrants reversal of the verdict against him, we have held that the sufficiency or insufficiency of a police investigation simply goes to the weight of the evidence, and it is for a jury to decide what to believe. *Cox v. State*, 849 So. 2d 1257, 1267 (Miss. 2003). Even though Morris claimed prejudice because the police and/or the DA's office failed to find certain witnesses who would have helped him in his defense, he put on no proof at trial of an alleged inadequate investigation.

¶14. These claims are without merit.

### III. SUFFICIENCY OF THE EVIDENCE.

¶15. Morris argues the evidence was insufficient to sustain a conviction against him. When considering the sufficiency of evidence, we must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005). The State produced evidence and witnesses tending to show that Morris did indeed commit simple assault upon a police officer. While it is true Morris called his own witnesses to contradict the State's evidence, we cannot say that any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt, particularly when the evidence is viewed in the light most favorable to the State. Accordingly, Morris's assertion of error is without merit.

7

## CONCLUSION

¶16. We find the State did not commit any discovery violations that resulted in prejudice to Morris; that the circuit court did not abuse its discretion in excluding Morris's witnesses; and that the verdict was amply supported by the evidence. We reverse the decision of the Court of Appeals and reinstate and affirm the judgment of and sentenced imposed by the Circuit Court of Coahoma County.

¶17. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REINSTATED AND AFFIRMED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**