# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-00844-SCT

*HARVEY WILLIAMS, JR. a/k/a SMOKIE*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/06/2007 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MERRIDA COXWELL |
| | CHARLES RICHARD MULLINS |
| | JANE E. TUCKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 02/03/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     Harvey "Smokie" Williams, Jr., shot and killed Calvin Younger in the parking lot at Jay's Lounge in Jackson, allegedly in self-defense.  At trial, he called a bouncer, Anthony Herrington, to testify that Younger had possessed a firearm earlier that night.  That testimony was excluded because it was not disclosed in discovery.  Williams was convicted, and the Court of Appeals affirmed the conviction.  Because no evidence indicates that this discovery

violation was willful, the evidence should not have been excluded. Thus, the conviction is reversed, and the case is remanded for a new trial.

## STATEMENT OF FACTS

¶2.    Early in the morning of June 22, 2003, Williams parked his vehicle in the turn lane in the middle of Medgar Evers Drive in front of Jay's Lounge, a nightclub in Jackson. According to his testimony at trial he exited his car saw Younger pull a gun from behind his back. Williams fired off five shots and fled the scene. Williams produced no other witnesses who would testify that Younger had pulled a gun on Williams. He did, however, produce Anthony Herrington, a bouncer at the club, who would have testified that he personally had denied entry to Calvin Younger earlier that night because Younger had a gun on his person.

¶3.    While Herrington was allowed to testify that he had heard Younger cursing at Williams before the shooting and that he had seen Younger reach toward his back before Williams fired, he was not allowed to testify that Younger had possessed a gun earlier because the defense's discovery responses had not mentioned this fact.

¶4.    On the second day of the trial, Williams's attorney told the judge that Herrington's story about the gun had been discovered by the defense only that day. Nevertheless, the evidence was excluded, and Williams was convicted. His appeal was heard by the Court of Appeals, which affirmed the conviction.[1] We granted certiorari.

## ANALYSIS

---

[1] **Williams v. State**, _ So. 3d _, 2010 WL 161495, *16 (Miss. Ct. App., January 19, 2010).

¶5.     Pursuant to Mississippi Rule of Appellate Procedure 17(h), we limit our review to whether the trial court should have excluded portions of Anthony Herrington's testimony. The standard of review for the admission or exclusion of evidence is abuse of discretion.[2] The trial court's decision will stand unless the reviewing court concludes that the decision was arbitrary and clearly erroneous, amounting to an abuse of discretion.[3] Here, evidence was excluded based on an alleged discovery violation. We must determine (1) whether such a violation occurred and, if so, (2) whether the exclusion of this evidence was an appropriate remedy.

## I.      WHETHER THERE WAS A VIOLATION OF DISCOVERY PROCEDURES.

¶6.     The process by which a defendant complies with discovery requirements is outlined in Uniform Rule of Circuit and County Court Practice 9.04:

> C. . . . the defendant shall, subject to constitutional limitations, promptly disclose to the prosecutor . . . the following information and material which corresponds to that which the defendant sought and which is in the possession, custody, or control of the defendant or the defendant's attorney, or the existence of which is *known, or by the exercise of due diligence may become known*, to the defendant or defendant's counsel:
>> 1. Names and addresses of all witnesses in chief which the defendant may offer at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statements made by any such witness. . . .[4]

---

[2]***Miss. Transp. Comm'n v. McLemore****,* 863 So. 2d 31, 34 (¶ 4) (Miss. 2003).

[3]***Id.***

[4]URCCC 9.04(C) (emphasis added).

If after complying with the rules, a party discovers new evidence, it must be promptly disclosed. Here, Williams complied with pretrial discovery requirements, disclosing Herrington's name and a summary of his testimony, but purportedly discovered new information from Herrington during the trial. The trial court allowed Herrington to testify, but excluded the statements purportedly discovered recently by the defense and not included in the discovery provided to the State.

¶7. Either side may use newly discovered information subject to the requirements of Rule 9.04. The plain language of the rule requires only disclosure of information and materials known or that would have become known by the exercise of due diligence and prompt disclosure of newly discovered information. The trial court did not specifically find that the information regarding Younger's possession of a gun actually was known by the defense, that it would have been known by due diligence, or that it was not promptly disclosed to the State once it was known. If none of these elements was present, then there was no discovery violation at all.

¶8. However, the trial court did have information at its disposal to determine within its discretion that due diligence may not have been exercised in discovery. Williams's attorney admitted that he did not begin preparing for the case until March 3, 2007, when the April 3, 2007, trial date was set, after having been appointed to take on the case more than a year before. And it appears that Herrington was not interviewed at all by the defense until the week before the trial.

¶9. In *Morris v. State*, we found that a trial court did not abuse discretion when it determined that a discovery violation was "willful and motivated by a desire to obtain a

4

tactical advantage," even though the judge gave no specific reason for the ruling.[5] Considering our holding in *Morris*, we would exhibit a lack of deference to the trial court if we found that it had erred in determining that a discovery violation had occurred. However, even though that determination stands, we must settle whether the exclusion of important testimony was the appropriate remedy.

**II.      WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING HERRINGTON'S TESTIMONY BASED ON THE FINDING OF A DISCOVERY VIOLATION.**

¶10.    In the context of discovery violations, exclusion of evidence is a radical sanction that should rarely be used.[6] If a trial court is made aware of a party's failure to comply with discovery requirements, it may admit the evidence, grant a continuance, or "enter such an order as it deems just under the circumstances."[7] However, the general rule is that the evidence cannot be excluded.[8] In *Darby v. State*, we carved out an exception to this rule: If the trial court determines that the defendant's discovery violation is "willful and motivated by a desire to obtain a tactical advantage," the newly discovered evidence or witnesses may be excluded.[9]

---

[5]*Morris v. State*, 927 So. 2d 744, 747 (Miss. 2006).

[6]*Houston v. State*, 531 So. 2d 598, 612 (Miss. 1988).

[7]*Morris v. State*, 927 So. 2d 744, 747 (Miss. 2006).

[8]*Morris*, 927 So. 2d at 747.

[9]*Darby v. State*, 538 So. 2d 1168, 1176 (Miss. 1989).

¶11.    In *Morris*, we affirmed a finding that a discovery violation was willful where the defendant gave the State a list of witnesses the morning that the trial began.[10]  On the other hand, in *Skaggs v. State*, we reversed where the trial court struck the testimony of a defense witness who offered additional details that were not in reciprocal discovery.[11]  There, the defense counsel admitted to the court that he had learned of the additional testimony only that morning and had not even notified the State that the witness's testimony might be different.[12]

¶12.    In this case, similarly to *Skaggs* and in contrast to *Morris*, the defense provided discovery to the State, including summaries of witness testimony.  The defense attorney told the judge that Herrington later had provided him with an additional fact, which was quickly disclosed to the State, and nothing in the record indicates otherwise.  The Court of Appeals reasoned that failure to disclose the entire substance of Herrington's testimony was, *per se*, reason to find that the same failure was wilful.[13]  We disagree.

¶13.    While avoiding unfair surprise to either the defense or prosecution is a fundamental policy of criminal procedure, nothing is more fundamental than an accused's right to present witnesses in his own defense.[14]  It would be a mistake to adopt a posture in which we assume that recently discovered evidence is part of some scheme to defraud justice and require the

---

[10]*Morris*, 927 So. 2d at 747.

[11] *Skaggs v. State*, 676 So. 2d 897, 903-04 (Miss. 1996).

[12] *Skaggs*, 676 So. 2d at 902.

[13]*See* *Williams v. State*, __ So. 3d __, 2010 WL 161495, *5 (¶ 8) (Miss. Ct. App., January 19, 2010)

[14]*Ray v. State*, 503 So. 2d 222, 225 (Miss. 1986).

6

defendant to prove otherwise. Here, the only indication in the record that the discovery violation was willful or motivated by a desire to obtain a tactical advantage is that the evidence was recently discovered. Coupled with the fact that the defense had disclosed the identity of the witness, had provided a partial summary of his testimony, and had disclosed the new information to the State before the witness took the stand, we do not think that the suspicious timing is enough. Further, exclusion was especially sharp considering the importance of this testimony to Williams's case. Therefore, a sanction less harsh than exclusion of defense testimony, if any, should have been imposed.

¶14. Finally, contrary to the reasoning of the Court of Appeals, we do not think that this error was harmless.[15] The admission or exclusion of evidence constitutes reversible error only where a party can show prejudice or harm.[16] Herrington would have corroborated Williams's testimony by verifying that Younger had possessed a gun shortly before the shooting. From the excluded testimony, the jury might have inferred that Younger, who had approached Williams, still had possessed the gun when Williams shot him. Without Herrington's testimony, the evidence overwhelmingly indicates that Younger was unarmed.

¶15. Therefore, we find that the trial court's exclusion of the full testimony of Anthony Herrington was an abuse of discretion, as the error seriously prejudiced the defendant. The opinion of the Court of Appeals and the conviction by the Hinds County Circuit Court are reversed, and the case is remanded to the trial court for a new trial.

¶16. **REVERSED AND REMANDED.**

---

[15]*Williams*, 2010 WL 161495, at *5.

[16]*Ross v. State*, 954 So. 2d 968, 1001 (Miss. 2007).

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS AND CHANDLER, JJ., CONCUR. LAMAR, J., CONCURS IN RESULT ONLY.**