FAIR, J.,
for the Court:
¶ 1. Gregory Wilder was convicted of murder in the Madison County Circuit Court. He appeals, challenging the sufficiency and weight of the evidence, asserting error in exclusion of the testimony of a potential defense witness, and claiming ineffective assistance of counsel. Finding that the verdict was supported by the evidence, that exclusion of the defense witness was within the trial court’s discretion, and that the record is insufficient to review Wilder’s ineffective-assistance-of-counsel claim, we affirm.
FACTS
¶ 2. Around midnight, Dequarius Luck-ett and Tarmarus Hudson got into a fist fight at the Kangaroo gas station in Canton. There was a large group of people gathered at the station, and when Luckett and Hudson began fighting, several other people joined in. One was Wilder. Others included Daniel Thomas and Daron Henry. The fight ended abruptly when Thomas was shot in the chest and killed by Wilder.
¶ 3. Thomas was attempting to stop the fight between Wilder and Henry when a shot was fired by someone, not identified in the record, and people began to scatter.[1] Alexis Washington testified that Wilder shot Thomas after the fight had ended. Marketta Washington confirmed her sister’s version of events but did not see Wilder shoot Thomas. After hearing the second shot, Marketta turned to see Wilder pointing a gun down at Thomas, who was lying on the ground. Wilder said, “I told you to let me go,” and left the gas station.
¶ 4. Cedric Hartwell claimed that the three men, Wilder, Thomas, and Henry, were fighting at the time of the shooting. He heard Wilder call out for Thomas and Henry to stop hitting him. Henry agreed that he and Thomas were fighting Wilder but stated that they stopped after hearing the first gunshot. He did not see Wilder shoot Thomas but thought Wilder “probably shot backwards.”
¶ 5. Wilder testified that he only got involved to get his friend, Hudson, out of the fight. Wilder was attacked from behind, fell to the ground, and could not get up. Someone was hitting him in the head. Though he told his attacker to get off of him, the assault continued. After hearing the first gunshot, he could not take it anymore and pulled a gun out of his waistband. He fired over his shoulder to get his attacker off of his back. Wilder did not know who he was aiming at but was afraid he would get shot or badly beaten if he did not do something.
¶ 6. Though he left the scene, Wilder turned himself in to the Canton Police Department later that same day. His attorney provided police with Wilder’s pistol. Lieutenant Kelvin McKenzie testified that when Wilder was booked, he had no visible injuries other than a few scrapes on his knees.
*631 ¶ 7. Dr. Steven Hayne performed the autopsy and found that Thomas had no injuries on his body except for the gunshot wound that killed him. He stated that Thomas was shot from very close range and that the bullet traveled at a slightly downward angle in the body. After a three-day trial, the jury found Wilder guilty of murder, and the trial court denied his motion for a judgment notwithstanding the verdict.
DISCUSSION
1. Sufficiency of the Evidence
¶ 8. “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If the evidence is of such quality and weight that “reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient.” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 9. Wilder was convicted of murder under section 97-3-19(1) of the Mississippi Code Annotated (Rev.2006). Because he raised self-defense, it was the State’s burden to prove, beyond a reasonable doubt, that he did not act in necessary self-defense. See Heidel v. State, 587 So.2d 835, 843 (Miss.1991). The killing of a human being is justified when committed in the lawful defense of one’s own person where there is a reasonable ground to apprehend imminent and great personal injury. See Miss.Code Ann. § 97-3-15(l)(f) (Rev.2006). “A successful self-defense argument requires that the jury believe that it was objectively reasonable for the defendant to believe he was in danger of imminent death or serious bodily harm.” Livingston v. State, 943 So.2d 66, 71 (¶ 13) (Miss.Ct.App.2006). The question of whether the defendant acted in self-defense is a question for the jury to resolve. See Dubose v. State, 919 So.2d 5, 7 (¶ 11) (Miss.2005).
¶ 10. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict Wilder of murder. Wilder admitted that he fired a gun without knowing at whom he was aiming. It is uncontested that he shot and killed Thomas, who was unarmed. Testimony conflicted as to whether the two men were involved in a physical fight before the shooting. There were no bruises or abrasions on Thomas aside from the gunshot wound, and Wilder’s only reported injuries were two scraped knees. The jury is the ultimate finder of fact “and is free to aecept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 992 (Miss.1987). From the verdict, it is clear the jury rejected Wilder’s self-defense claim. Viewing the evidence in the light most favorable to the State, we find that a rational juror could have found that the State proved the essential elements of murder beyond a reasonable doubt.
¶ 11. Wilder argues that the evidence presented will only support a conviction of manslaughter and urges this Court to reverse and render his conviction. As we find that the verdict was supported by sufficient evidence, we find that Wilder’s argument lacks merit.
2. Weight of the Evidence
¶ 12. “When reviewing a denial of a motion for new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so *632 contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citation omitted). We will weigh the evidence in the light most favorable to the verdict. Id. (quoting Herring v. State, 691 So.2d 948, 957 (Miss.1997)). “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (citing Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)).
¶ 13. Viewing the evidence in the light most favorable to the verdict, we cannot say that an unconscionable injustice resulted from the jury’s verdict. Wilder argues that the State failed to prove that he did not act in necessary self-defense and points to his own testimony along with that of Henry and Hartwell to support his claims. However, the Washington sisters supplied conflicting testimony, and Dr. Hayne and Lieutenant McKenzie stated that neither Wilder nor Thomas had any bruising, cuts, or abrasions on their hands or faces. As we have pointed out, it was the jury’s province to weigh this evidence and determine if Wilder shot Thomas in self-defense. See Webster v. State, 817 So.2d 515, 519 (¶ 14) (Miss.2002). A factual question was created. This Court will not reweigh the facts or “go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.” Reeves v. State, 825 So.2d 77, 80 (¶ 8) (Miss.Ct.App.2002)(emphasis added). We find no basis for doubting the verdict.
3. Potential Defense Witness
¶ 14. Wilder argues that the trial judge erred in excluding the testimony of Brandon Robinson. On the second day of trial, defense counsel notified the judge and the State that Brandon Robinson was ready to testify as a witness for the defense. Robinson had not made himself known to defense counsel until after the first day of trial. However, Robinson contacted Wilder shortly after the shooting and offered to testify. Wilder failed to share this information with his attorney. After holding a bench conference, the trial judge excluded the witness and determined that Wilder’s failure to disclose Robinson was willful and motivated by a desire to obtain a tactical advantage.
¶ 15. The admission or suppression of evidence is reviewed for abuse of discretion. Miss. Transp. Comm’n. v. McLemore, 863 So.2d 31, 34 (¶ 4) (Miss.2003). We will affirm the trial court’s decision unless it was arbitrary and clearly erroneous. See Williams v. State, 54 So.3d 212, 213 (¶ 5) (Miss.2011). The circuit court may exclude evidence where discovery violations are willful or motivated by the desire to gain a tactical advantage. Coleman v. State, 749 So.2d 1003, 1007 (¶ 9) (Miss.1999).
¶ 16. Under Uniform Rule of Circuit and County Court 9.04, a defendant has a duty to promptly disclose the names and addresses of all witnesses to the prosecutor. In Morris v. State, 927 So.2d 744, 746-47 (¶¶ 7-9) (Miss.2006), the Mississippi Supreme Court affirmed a finding that a discovery violation was willful where the defendant gave the State a list of witnesses the morning trial began. Similarly, Wilder did not provide the State with Robinson’s name until the second day of trial. Wilder presented no reason for this delay. He had been working with the same attorney from the time he was arrested. He was out on bond before trial, and he knew shortly after the shooting that Robinson was a potential witness. Further, the trial judge found that Robinson’s testimony would be cumulative. The trial judge’s decision was neither arbitrary nor clearly *633 erroneous. Therefore, we find that the trial court did not abuse its discretion in excluding Robinson’s testimony.
4. Ineffective Assistance of Counsel
¶ 17. Issues of ineffective assistance of counsel are generally not reviewed on direct appeal. See Shumaker v. State, 956 So.2d 1078, 1084 (¶ 10) (Miss.Ct.App.2007). This Court will reach the merits of an ineffective-assistance-of-counsel claim on direct appeal only when (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties have stipulated that the record is adequate to allow the appellate court to make a finding. See Read v. State, 430 So.2d 832, 841 (Miss.1983). When raised on direct appeal, this inquiry must be strictly confined to the record. See id.
¶ 18. Neither criterion has been satisfied in this case. Therefore, we dismiss Wilder’s claim of ineffective assistance of counsel without prejudice so that he may raise his claim in a properly filed motion for post-conviction relief, if he so chooses. See Franklin v. State, 72 So.3d 1129, 1140 (¶ 51) (Miss.Ct.App.2011).
¶ 19. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. This shot was not fired by Wilder. Only two casings were recovered from the scene, one from a .380 pistol and one from the 9mm pistol Wilder used to shoot Thomas.