KITCHENS, Justice,
for the Court:
¶ 1. Following this Court’s reversal and remand of the murder conviction of Harvey Williams, Robert Shuler Smith, the Hinds County District Attorney, sought an order of nolle prosequi, which was granted by the circuit court. Two days later, and without notice to the accused, the judge sought to vacate his previously entered nolle prosequi order, “recuse” the district attorney, and transfer the case to the Mississippi Attorney General’s Office. A second circuit court judge found that the order of nolle prosequi was not subject to recision, but appointed the Attorney General’s Office as a special prosecutor in the place of the local district attorney, merely because the duly elected and serving local prosecutor had exercised his discretion not to prosecute Williams. The involuntary disqualification of the local district attorney and the substitution of the Office of the Attorney General, over the objection of the local district attorney, are wholly unsupported by any constitutional, common law, or statutory authority of the State of Mississippi. ■
FACTS AND PROCEDURAL HISTORY
¶2. Following the shooting death of Calvin Younger outside a Jackson, Mississippi, nightclub in 2003, Harvey Williams was indicted for murder. The case proceeded to trial in 2007, prosecuted by the then-Hinds County District Attorney Faye Peterson. Á jury found Williams guilty of murder, and the Honorable Breland Hilburn, Circuit Judge, sentenced Williams to life in the custody of the Mississippi Department of Corrections. The Court of Appeals affirmed Williams’s conviction and sentence. Williams v. State, 54 So.3d 253 (Miss.Ct.App.2010).. This Court granted Williams’s petition for writ of certiorari and, upon review, reversed his conviction and remanded the case for a new trial. Williams v. State, 54 So.3d 212, 216 (Miss.2011). We found, that Williams’s defense was prejudiced by the exclusion of testimony from a witness who would have testified that he had seen the decedent with a gun earlier on the evening of the shooting. Id.
¶ 3. Following remand, Hinds County District Attorney : Robert Shuler Smith sought an order of nolle prosequi based on “new evidence” indicating “that the defendant, Harvey Williams, may have acted' in self-defense.” Judge Hilburn, who had presided over Williams’s trial, signed an order on June 13, 2011, granting the State’s nolle prosequi motion. Two days later, however, on June 15, 2011, Judge Hilburn wrote ‘Withdrawal of Order” directly upon his previously entered nolle prosequi order, and “the Court find[s] that the above order of Nolle Prosequi was erroneously entered by the Court. The Order of Nolle Prosequi is hereby withdrawn.” *910 [1]
¶4. Nine months later, on March 13, 2012, Judge Hilburn signed the following “Order of Recusal”:
IT APPEARING, that the District Attorney in and for the Seventh Circuit Court District, State of Mississippi, and the staff of the District Attorney’s Office, should recuse itself from prosecuting the above-styled and numbered cause, and in support thereof, would show unto the court the following facts, to-wit:
(1) The District Attorney’s Office is recusing itself from this matter so this case can be handled by the Attorneys that originally prosecuted this matter.
(2) The Attorneys that originally prosecuted this matter now work in the Mississippi Attorney General’s Office.
IT IS THEREFORE[] ORDERED AND ADJUDGED that the District Attorney in and for the Seventh Circuit Court District, State of Mississippi, and the staff of the District Attorney’s Office, should recuse itself from prosecuting the' above-styled and numbered cause for the reasons stated above and this matter will be transferred to the Mississippi Attorney General’s Office.
On March 14, 2012, Judge Hilburn entered a second order appointing the Division of Public Integrity of the Mississippi Office of the. Attorney General as. special prosecutor.
¶5. On September 10, 2012, Williams filed a motion to dismiss the case, claiming that Judge Hilburn’s original nolle prose-qui order, effectively brought the case to an end and that the charges could not be revived by the judge. Williams contended that any orders entered after the order of nolle prosequi had been entered were null and void, including the order of recusal of the Hinds County District Attorney and the order appointing the Office of the Attorney General as special prosecutor. Initially, the case was reassigned to Circuit Judge William Gowan, but Judge Gowan recused. The case then was assigned to Circuit Judge Jeff Weill, who conducted a hearing on October 29,2012,
¶ 6. At the hearing before Judge Weill, Special Assistant Attorney General Marvin Sanders conceded that Judge Hilburn had no authority to rescind the order of nolle prosequi, Sanders did maintain, however, that the Office of the Attorney General is vested with constitutional, common law, and statutory authority which entitle it to prosecute the case. District Attorney Smith, testified that he had decided, in his discretion as the elected Hinds County District Attorney, to seek a nolle prosequi of the case against Williams.’ He expressed his continuing objection to the intervention of the attorney general “in cases where I have jurisdiction as the elected district attorney.”
¶ 7. On February 14, 2013, Judge Weill entered an order finding that, once the order of nolle prosequi had been signed by Judge Hilburn, the case was ,at an end. He therefore held “that the subject cause number shall be dismissed, as the same was nolle prossed on June 13, 2011.” However, Judge Weill found that, because the Hinds County District Attorney did not intend to prosecute Williams, the Office of the Attorney General should be appointed as special prosecutor.. Judge Weill continued that the Office of the At *911 torney General “is permitted to pursue future prosecution of this Defendant, in-its discretion.”
¶ 8. Williams filed a Petition for Interlocutory Appeal'in this Court on March 7* 2013. On April 1, 2013, a panel of this Court ordered that Judge Weill, the attorney general, and the Hinds County District Attorney’s Office file responses-.addressing the following issues: -
(1) What authority, if any, permits a trial judge to appoint the Attorney General of the State of Mississippi as special prosecutor under the circumstances presented in this case?
(2) What authority, if any, permits the Attorney General of the State of Mississippi to serve as special prosecutor under the circumstances presented in this case?
(3) Do the Office of the Attorney General of the State of Mississippi and the Hinds County District Attorney’s Office belong to the executive or the judicial branch of government?
Having received a response from each of the entities listed above, the panel, on May 28, 2014, granted Williams’s .petition for interlocutory appeal and stayed prosecution of Williams related to the charges for which he previously had. been indicted.
¶ 9. On interlocutory appeal, Williams raises the following issues: : •
DID THE HINDS COUNTY CIRCUIT COURT JUDGE HAVE ■ THE AUTHORITY AND/OR JURISDICTION] TO APPOINT THE MISSISSIPPI ATTORNEY GENERAL AS SPECIAL PROSECUTOR? IN THE ALTERNATIVE DID THE CIRCUIT COURT JUDGE VIOLATE THE SEPARATION OF POWERS DOCTRINE BY APPOINTING THE MISSISSIPPI ATTORNEY GENERAL AS SPECIAL PROSECUTOR AFTER THE CASE WAS DISMISSED BY NOLLE PRO-SEQUI?
We .limit interlocutory review to the first question presented, finding it dispositive of the matter before us. We divide the question presented into the following issues:
I. ■ Whether the Constitution and/or common law of the State of'Mississippi authorize the intervention of the Office of. the Attorney General in a criminal prosecution in which the local district attorney opposes such interference.
II. Whether the statutes of the State of Mississippi authorize the intervention of the Office of the Attor- ■ ney General in a criminal prosecution in which the local district attorney opposes such- interference. =
DISCUSSION
¶ 10. Justice Pierce analyzes whether the circuit court is vested with authority to rescind orders of nolle prosequi after entry. But this issue is not before the Court. Judge Weill acknowledged in his order of February 14, 2013, that the case had been nolle prossed by Judge Hilburn’s order of June 15, 2011, and was therefore finally dismissed. Marvin: Sanders of the Office of the Attorney General conceded this at the October 29, 2012, hearing before Judge Weill. The issue was not raised on appeal, and-we decline-to address-it. We proceed to address only the issue before this Court.
I. Whether the Constitution and/or common law of the State of Mississippi authorize the intervention of the Office of the Attorney General in a criminal prosecution in which the local district attorney opposes such interference.
111. Neither the Constitution nor any case law authorized Judge Hilburn’s *912 or Judge Weill’s orders appointing the Office of the Attorney General as special prosecutor to prosecute the case against Williams, where the local district attorney, in his discretion, had made the decision not to prosecute.
¶ 12. The Constitution of the State of Mississippi provides for an Attorney General:
There shall be an Attorney General elected at the same time and in the same manner as the Governor is elected, whose term of office shall be four years and whose compensation shall be fixed by law. The qualifications for the Attorney General shall be the same as herein prescribed for judges of the circuit and chancery courts.
Miss. Const. art. 6, § 173. According to this Court, “[t]he creation of the office of Attorney General by the Constitution vested him with these common law duties, which he had previously exercised as chief law officer of the realm.” Kennington-Saenger Theatres v. State ex rel. Dist. Attorney, 196 Miss. 841, 18 So.2d 483, 486 (1944). With regard to the powers of the attorney general at common law, this Court has held that:
At common law the duties of the attorney general, as chief officer of a realm, were numerous and varied. He was chief legal adviser of the crown, was entrusted with the management of all legal affairs, and prosecution of all suits, criminal and civil, in which the crown was interested. He had authority to institute proceedings to abate public nuisances, affecting public safety and convenience, to control and manage all litigation on behalf of the state, and to intervene in all actions which were of concern to the general public.
State ex rel. Allain v. Miss. Pub. Serv. Comm’n, 418 So.2d 779, 781 (Miss.1982) (quoting State ex rel. Patterson v. Warren, 254 Miss. 293, 307, 180 So.2d 293, 299 (1965)).
¶ 13. Justice Coleman takes the position that the Constitution and broad common law language authorize the attorney general “to initiate or intervene should he so choose.” But neither Mississippi’s Constitution — silent with regard to the powers or duties of the attorney general— nor the common law authorizes the attorney general to usurp or encroach upon the constitutional or the statutory power of the local district attorney in a criminal case where the attorney general’s assistance is not requested by the district attorney, and is in fact opposed by the district attorney. Indeed, with regard to district attorneys, the Constitution provides: “[a] district attorney for each circuit court district shall be selected in the manner provided by law, whose term of office shall be four years, whose duties shall be prescribed by law, and whose compensation shall be a fixed salary.” Miss. Const. art. 6, § 174 (emphasis added). “[T]he powers of district attorneys are statutory, not common law, and they cannot encroach upon the powers of the attorney general.” Warren, 180 So.2d at 299. This Court has clarified: “A district attorney has no authority to represent the state in litigation outside counties of their district, or to represent the state in litigation in their district where the subject matter is of statewide interest, as distinguished from local interest.” Id. (citations omitted). We find no reason, or evidence in the record, why Williams’s murder prosecution could be considered by the attorney general to be any more a matter of statewide interest, as distinguished from local interest, than any other murder case.
¶ 14. The Office of the Attorney General cites the case of Bell v. State, in which the defendant challenged the authority of the attorney general to call the grand jury *913 and to present charges to it in the absence of a request from the local district attorney to do so, in support of its argument that the common law authorizes the attorney general to prosecute any case it chooses. Bell v. State, 678 So.2d 994, 996 (Miss.1996). But in that case, unlike in the present one, no evidence was adduced that the local district attorney opposed the involvement of the attorney general. Here, District Attorney Smith positively testified that he was opposed to the involvement of the attorney general in a case in which he had jurisdiction as the elected district attorney.
¶ 15. This Court has recognized that “[t]here was no such office as district attorney known to the common law.” Capitol Stages v. State, 157 Miss. 576, 128 So. 759, 763 (1930). The Court continued:
The office of district attorney, unlike that of Attorney General, is of modern origin, its duties are prescribed by statute; the civil and criminal business of the state, which once pertained to the office of Attorney General, has been by the Legislature divided between the two offices for convenience. The office of district attorney has been carved out of the office of Attorney General, and made an independent office. The Attorney General may advise the district attorneys, as he does other offices, in his capacity as chief law officer of the state. Nevertheless the two offices are separate and distinct. The powers of the district attorneys can neither be increased nor diminished by the Attorney General.
Id. (emphasis added). According to the common law of this State, the attorney general may advise the district attorney, but he neither can increase nor diminish the statutory power of the district attorney. Intervention of the attorney general into the independent discretion of a local district attorney regarding whether or not to prosecute a criminal case constitutes an impermissible diminution of the statutory power of the district attorney. See Miss. Code Ann. § 25-31-11(1) (Rev. 2010) (“It shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within his district and to appear in the circuit courts- and prosecute for the state in his district all criminal prosecutions and all civil cases in which the state or any county within his district may be interest-ed_”) (Emphasis added.)
¶ 16. Both the attorney general and the district attorney are constitutional officers of the State of Mississippi. But the Mississippi Attorney General is not the local district attorney’s boss, as in the federal system, where the United States Attorney General is the superior of the U.S. Attorneys in the federal court districts. See 28 U.S.C. § 519 (2012) (“[T]he Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys ... in the discharge of their respective duties.”) Both the United States Attorney General and the United States Attorneys are appointed by the President and serve at his will and pleasure. See 28 U.S.C. § 503 (2012), 28 U.S.C. § 541 (2012). The United States Attorney General can override, or trump, the prosecutorial decisions of a local United States Attorney. See 28 U.S.C. § 619 (2012). The Mississippi attorney general is without authority to direct, control, or override the official actions of a local district attorney and has no authority over him or her.
¶ 17. Neither Mississippi’s Constitution nor its common law permits the involuntarily disqualification of a duly elected district attorney from the lawful performance *914 of his duty and the substitution of the attorney general in the district attorney’s place and stead in a case in which no legal grounds for the district attorney’s disqualification-exists,.
II, Whether the statutes of the State of Mississippi authorize the intervention of the Office of the Attorney General ip a. criminal prosecution in which the local district attorney opposes such interference.
¶ 18. No statute, authorized the Office of the .Attorney General to prosecute the instant case in the place and stead pf the Afetrict attorney, and neither Judge Hilburn nor Judge Weill was authorized to appoint the attorney general, his office, or any division of his office, for that purpose.
¶ 19. Judge Weill found:
At a hearing on the matter, the Hinds County District Attorney made clear his intentions not to prosecute this Defendant. The Court finds that the .Attorney General’s office is hereby appointed as a Special- Prosecutor, and is permitted to pursue future prosecution of this Defendant, in its- discretion.
Judge Weill cited Mississippi Code Section 7-5-1, which codifies the common law language that the attorney general is “the chief legal officer and advisor for the state, both civil and criminal, and is charged with managing all litigation on behalf of the state, except as otherwise specifically provided by law— He shall have the powers of the Attorney General at common law_” Miss.Code Ann. § 7-5-1 (Rev. 2014) (emphasis added). But that statute does not support the usurpation by the attorney general of the independent discretion over, criminal prosecution which statutorily has been vested in local district attorneys. See Miss.Code Ann. § 25-31-11(1) (Rev. 2010) (“It-shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within, his district and to appear in- thé circuit courts and prosecute for-the state in his district all criminal “prosecutions and all civil eases in which the state or any county within his district may be interested....”) (emphasis added).
¶ 20. Only one statute authorizes intervention by the attorney general. Mississippi Code Section 7-5-53 provides:
The Attorney General[2] shall, when required by public service or when directed by the Governor, in writing, repair in person, or by any regular or specially designated assistant, to any county or district in the state and assist'the district attorney there in the discharge of his duties and in any prosecution against a state officer, and shall have the same right as the district attorney to enter the grand jury room while the grand jury is in session and to perform such services with reference to the work of the grand jury as the district attorney is authorized by law to perform.
Miss.Code Ann. § 7-5-53 (Rev. 2014) (emphasis added). The operative word in Section 7-5-53 is but one: assist. - According to the statute’s plain language, the attorney general may assist a local district attorney in the discharge of his or her duties. Here, however, Robert Shuler Smith, the Hinds County District Attorney, *915 [3] never sought the assistance of the attorney general; and, indeed, at the hearing before Judge Weill, he testified that he had opposed the attorney general’s involvement. The following colloquy occurred between District Attorney Smith and Marvin Sanders of the Office of the Attorney General: '
Q: [Mr. Sanders] ,., is it your opinion that your office wants to prosecute the case?
A: [Mr. Smith] We were already over that case.
Q: You’re over it? So .you don’t want to — you don’t want it — to prosecute • ⅛?
A: (No response.)
.Q: No?
A: I mean, the case has already been disposed of.
Q: Well, that’s why we’re here today. That’s — Judge Weill is going to make the decision on what happens to this case.
A: Right.
Q: Which I’m trying to determine if the attorney general’s office wants to proceed ■ with prosecuting the case. Do you object to our office prosecuting the case?
A: I object to the attorney general’s office not contacting the district attorney— _ . , ,
Q: Regarding what?
A: —and—getting involved in cases where I have jurisdiction as'the elected district attornéy.
¶ 21. The statute permitting the attorney general to become involved in local prosecutions in no way contemplates the present situation. Under the applicable statute, only two scenarios permit the involvement of the attorney general: (1) when required -by public service, or (2) when directed by the governor, in writing. If one of those applies, the attorney general is to assist the local district attorney in the discharge of his or her duties. Here, District Attorney Smith did not request or require assistance; he decided, in his discretion, not to prosecute this case. That decision duly was ratified by order of a circuit judge, namely,. Judge Hilburn.
¶ 22. The record does not support any finding, and Judge Hilburn never found, that the attorney general’s assistance was “required by the ■ public' service.” The Governor did riot, in writing, direct the attorney general to prosecute the Williams case. Instead, Judge Hilburn, for no valid reason, signed an order sua sponte recus-ing or. disqualifying District Attorney Smith, from a case over which he lawfully had exercised prosecutorial discretion on behalf of the State.. Consistent with-the duties and authority of his office, District Attorney Smith had sought a nolle prose-qui which Judge Hilburn, in due .course, granted on June. 13, 2011. Mississippi Code Section 7-5-53 does not authorize the intervention .of the attorney general into a matter statutorily relegated to the discretion of a local district attorney where that official has decided not to prosecute andj in fact, objects to the involvement of the attorney general.
¶ 23. Mississippi Code Section 25-31-21 provides for the appointment of a district attorney pro tempore, but in specific, limited "circumstances:
If, at the'time of impaneling the grand jury in any circuit court, the district attorney be absent or unable to perform his'duties or, if after impaneling of the grand jury, the district attorney be absent oí unable to perform his duties or be disqualified the court shall forthwith *916 appoint some attorney at law to act for the state in the place of the district attorney during his absence or inability or disqualification, and the person appointed shall have the power to discharge all the duties of the office during the absence or inability or disqualification of the district attorney....
Miss.Code Ann. § 25-31-21 (Rev. 2010). The statute by its plain text provides three situations in which a district attorney pro tempore shall be appointed: the district attorney is absent, the district attorney is unable to perform his duties, or the district attorney is disqualified.
¶ 24. Judge Hilburn stated that the district attorney “should recuse,” but articulated no lawful reason that he should, saying only that the case ought to “be handled by the Attorneys that originally prosecuted this matter.” With utmost respect to Judge Hilburn, his order fails to articulate or analyze any legal reason for the “recu-sal” of the Hinds County District Attorney. If the district attorney or his duly qualified assistants were neither absent, unable to perform, nor disqualified, then Judge Hilburn was without authority to order the “recusal” of the district attorney or his office. The record is wholly void of any of the specified statutory bases for the appointment of a district attorney pro tem-pore,
¶ 25. It is true that the March 13, 2012, order of recusal was entered with the acquiescence of an assistant district attorney who signified his approval of it; but District Attorney Smith, testifying under oath, disputed at the hearing before Judge Weill that he had authorized the recusal of himself or his office from the Williams case. The following colloquy took place at the hearing before Circuit Judge Weill:
Q: [Mr. Sanders] Okay. Your office recused yourself. Scott Rogillio, assistant district attorney, is he — does he have the authority to recuse the district attorney’s office from cases?
A: [Mr. Smith] Well if there is a reason to recuse.
Q: Well, I’m asking does he have the authority to recuse your office from the case. Were you saying — did— then you’re saying he exceeded his authority by recusing your office in this case?
A: If there is an articulable reason to recuse, then I would have — I would hope that someone would bring that to my attention.
Q: Okay. But you’re aware that — you said that the AG’s office is overstepping its bounds and involving yourself in the case, but your office re-cused itself and the judge appointed us. So the AG’s office is not stepping on your authority, is it? We’re not involving ourselves. Your office recused itself and the judge appointed us; isn’t that correct?
A: I’m not sure if it was a proper recusal and I’m not sure if it was a proper appointment.
But when asked “[d]id you, as the publicly elected district attorney, approve or consent to an order recusing your office?,” District Attorney Smith responded: “I did not and I cannot think of any recusal at this time, but this appears to be signed by an assistant district attorney. I don’t know, if he set forth — sets for the reasons for the recusal....” No motion ever was filed by the Hinds County District Attorney’s Office setting forth any grounds for its disqualification or recusal from the Williams case. The record is clear that the district attorney regarded the Williams case as no longer extant, once Judge Hil-burn had signed the order of nolle prose-qui
*917 ¶ 26. In the orders appointing the Office of the Attorney as special prosecutor of Williams’s case, neither Judge Hilburn nor Judge Weill articulated any statutory authority permitting such appointment. Indeed, there was none to be found.
CONCLUSION
¶ 27. Mississippi law does not permit a trial court to disqualify a duly elected and serving district attorney and replace him with the attorney general where the district attorney has decided, in the lawful exercise of his discretion, not to prosecute a criminal case. The attempted appointment of the Attorney General of Mississippi, or members of his staff, in the place and stead of the District Attorney of the Seventh Circuit Court District is reversed and rendered. This Court’s stay of the criminal prosecution against Williams is lifted.
¶ 28. REVERSED AND RENDERED.
DICKINSON, P.J., LAMAR, CHANDLER AND KING, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND RANDOLPH, P.J.; COLEMAN, J., JOINS IN PART. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., RANDOLPH, P.J., AND PIERCE, J.

. No notice was provided Williams or his counsel that Judge Hilburn's June 13; 2011, order of nolle-prosequi had been withdrawn two days after its entry. At a hearing before Judge Hilburn ten months later, on April 5, 2012, Williams's counsel related that he had received no notice of the withdrawal.

. .This statute .refers to the attorney general himself or "any regular or specially designated assistant," and not more broadly to the Office of the Attorney General. Miss.Code Ann. § 7-5-53 (Rev. 2014). "Offices” cannot be appointed to assist district attorneys. Only the attorney general and his or her assistants are eligible. See Miss.Code Ann. § 25-31-21 (Rev. 2010).

, The Seventh Circuit Court District is now comprised of Hinds County only.