ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. A jury convicted Preston Overton of possession of cocaine and possession of a firearm by a convicted felon. The day before trial, the defense disclosed its intent to call two witnesses, but the circuit judge excluded their testimony as a discovery sanction. Because the record lacks any evidence that the defense made its late disclosure to gain a tactical advantage, the circuit judge erred by excluding Overton’s witnesses. So we reverse Overton’s convictions and remand this case for a new trial.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 12, 2012, Lieutenant George Pirkey and Deputy David Washington responded to suspected drug activity at Overton’s residence. The versions of what occurred at the residence differ. Accord- *717 mg to the officers, they knocked on the door and Overton invited them inside. Overton’s girlfriend, Christine Dunmore, was present. Once inside, Overton signed a consent to search the home, and the officers found cocaine, a .38 caliber handgun, and a document bearing Overton’s personal information in one bedroom. The officers placed Overton under arrest, and Overton signed a written statement admitting the cocaine belonged to him.
¶ 3. According to Overton, however, the officers entered his home uninvited, looking for Jeremy Page. Overton explained that Page was renting a bedroom in the home but was not home at the time. Unaware of the cocaine’s presence, Overton consented to the search and, when the officers found the cocaine and handgun, he informed the officers that the bedroom belonged to Page. He also told the officers that the gun belonged to his grandmother, who had passed away in 2009, and that he was unaware that it was in the house. Finally, according to Overton, he signed the written confession only because the officers threatened to arrest Dunmore if he did not confess.
¶4. On March 15, 2013, having heard these conflicting versions of the search and arrest, a jury convicted Overton for possession of cocaine and possession of a firearm by a convicted felon. He appealed, arguing that the circuit judge had erred by excluding the testimony of two defense witnesses.[1]
¶ 5. The day before trial, the defense filed a witness list, indicating its intent to call Dunmore and Eunice Cheatham. During voir dire the next morning, the State objected that it had been blindsided by these witnesses. The defense suggested that a continuance would be proper. After the judge allowed the State’s investigator to interview Dunmore and Cheat-ham, the State asked that they be precluded from testifying, and the circuit judge agreed. The record does not reflect why these witnesses were disclosed on the eve of trial. And the circuit judge’s only comment on the reason was that:
The Court did not intend in any way to impute anything improper about counsel handling this matter, and it was a matter where the family, I think, came up with these witnesses right toward the end there, and so it’s a situation like that.
¶ 6. The judge did allow Overton to proffer the witnesses’ testimony. Dunmore corroborated Overton’s version of the search and arrest. She explained that the police had entered without knocking or invitation, that they had asked for Page, that Page had lived in the house, and that Overton had informed the police that they had found the cocaine and gun in Page’s bedroom. She confirmed that the officers had threatened to arrest her if Overton would not confess. She explained that the document bearing Overton’s information was found in Page’s bedroom because Overton had used the room for storage before he rented it to Page. Finally, Dun-more indicated that she first had talked to Overton’s counsel the day before trial. But counsel then stated that he had interviewed her some time in February 2013.
¶7. Cheatham — Overton’s aunt — stated that Overton’s home previously had belonged to her mother, his grandmother. She explained that the gun belonged to her mother, and that she had put it in the bedroom before Page rented a bedroom in 2008 because her mother was suffering from Alzheimer’s and she feared for her mother’s safety. She confirmed that Page lived in the home and explained that, after *718 Overton was arrested, she had" found Page’s belongings in the bedroom, including clothes, shoes, and identification. She stated that she first had told Overton’s lawyer this information some time during the week before trial.
¶8. The Mississippi Court of Appeals concluded that “in light of his confession and the length of time that the gun had been in his home, Overton was not prejudiced by the exclusion of the two defense witnesses.”[2] Overton also claimed that his counsel had provided constitutionally ineffective representation by failing to disclose the witnesses earlier. The Court of Appeals left this claim for post-conviction review.[3] Overton then petitioned this Court for certiorari, arguing that the Court of Appeals had erred by affirming the circuit judge’s decision to exclude his witnesses’ testimony. We agree.
ANALYSIS
¶9. With regard to discovery sanctions, this Court has recognized that “[t]he court cannot disregard the ‘fundamental character of the defendant’s right to offer the testimony of witnesses in his favor.’”[4] “The weight of the sanction should be based on the motivation of the offending party in violating the discovery rule,” and “[t]he general rule is that evidence must not be excluded.”[5] “[Ejxclusion of evidence is a radical sanction that ‘ought be reserved for cases in which the defendant participates significantly in some deliberate, cynical scheme to gain a substantial tactical advantage.’ ”[6]
¶ 10. “The fact that evidence was recently discovered, by itself, is insufficient proof that a discovery violation was willful and motivated by a desire to obtain a tactical advantage.”[7] We have rejected “ ‘a posture in which we assume that recently discovered evidence is part of some scheme to defraud justice and require the defendant to prove otherwise.’ ”[8] In other words, the record must contain evidence that the defendant committed a discovery violation to obtain a tactical advantage before exclusion becomes the appropriate sanction.
¶ 11. Here, assuming that Overton violated Uniform Rule of Circuit and County Court Practice 9.04, the circuit judge erred by employing exclusion as a sanction. The record contains no evidence that either the defendant or defense counsel withheld the witnesses’ identities to gain a tactical advantage. Further, the circuit judge made no such finding. Instead, he ruled that defense counsel had done nothing wrong, but the witnesses would be excluded because they were “material.”
¶ 12. We are unable to agree with the dissent for two reasons. First, the trial judge never asserted that Overton or his counsel had committed any willful discovery violation. The trial judge stated that he “did not intend in any way to impute anything improper about counsel handling this matter,” and that the late disclosure of *719 the witnesses “was a matter where the family, I think, came-up with these witnesses right toward the end there, and so it’s a situation like that.”
¶ 13. If, as the trial judge assumed, the family (not the defendant) “came up” with the witnesses late, no reasonable inference is to be drawn that Overton or his counsel willfully violated‘the discovery rules. And certainly, no evidence before us suggests that the “defendant participate^] significantly in some deliberate, cynical scheme to gain a substantial tactical advantage.’ ”[9]
¶ 14. The dissent seizes upon the trial judge’s use of the phrase “trial by ambush.” But this phrase in no way suggests that Overton or his counsel willfully .violated the discovery rules, or that they had prior knowledge of the witnesses’ potential testimony. The phrase, standing alone, means no more than that the witnesses' were produced on the eve of trial, and that the trial judge agreed with the prosecution that it would be “blindsided” if the witnesses testified.. This, of course, would be true whether or not Overton or his counsel had prior knowledge of the testimony and whether or not any intentional discovery violation occurred.
¶ 15. The trial judge made clear his reason for excluding the witnesses:
They came forward. The clerk advised that the witness list was filed about 5:00 yesterday when we had a trial going on. The State advised that they were advised this morning. These are material was [sic] witnesses. You can’t do that. I gave them a chance to talk to them to see what they’re going to testify to. This sounds like material witnesses,, so the objection is going to be sustained.
¶ 16. The judge never made any finding about Overton’s intent. His decision to exclude the witnesses and to deny Over-ton’s requested continuance was based on his finding that the witnesses were material. Our precedent clearly holds that exclusion is not an appropriate sanction absent evidence of an intentional violation.[10] And nothing in the record suggests that the trial judge believed Overton or his counsel had committed a willful violation, or that he based his decision on such a finding. But the dissent suggests otherwise, opining that the trial judge did find a willful violation and that the trial judge’s finding should be affirmed- under a deferential standard of review.
¶ 17. Again, the trial judge never held that the witnesses were excluded because of a willful violation. But if, as the dissent believes, he did, then we would be required to examine the record to find evidence to support that finding. We find none,' so any such finding would have been arbitrary and without support.
¶ 18. The record is void of any evidence of a “deliberate, cynical scheme to gain a substantial tactical advantage” as required by our precedent,[11] so’, even if the trial judge had .found a deliberate violation, that finding would have been based on pure speculation. Accordingly, we must reject the dissent’s view that evidence -of late disclosure — standing alone — -would support a finding of an intentional discovery violation. But to be clear, we do -not agree with the dissent that the trial judge made this arbitrary factual finding.
¶ 19. Reversal is required “only if [the defendant] can show that he was prejudiced or harmed by the exclusion of the evidence. This Court has found preju *720 dice where the trial court excludes evidence that tended to support the defendant’s theory of the case.”[12] Recently, we found prejudice where the “case featured sharply contrasting evidence, with the credibility of each side’s version of events playing a critical role in the jury’s deliberations.” [13]
¶ 20. The same is true here. This case presented a pure battle of credibility. According to the officers, Overton never mentioned Page and voluntarily admitted the cocaine belonged to him. According to Overton, he always had maintained that the drugs belonged to Page and the gun to his grandmother, and that he had no knowledge that either was in the bedroom Page rented. Further, he testified that he had confessed only due to threats from the officers. The excluded defense witnesses would have corroborated all of Overton’s testimony. Because this case hinged on credibility, we find that Overton was prejudiced by the trial judge’s erroneous exclusion of the witnesses’ corroborative testimony.
CONCLUSION
¶ 21. Because the circuit judge erred by excluding Overton’s witnesses, and because that error prejudiced his defense, we reverse the trial court’s judgment and remand this case for a new trial. We also reverse the judgment of the Mississippi Court of Appeals.
¶ 22. REVERSED AND REMANDED.
LAMAR, KITCHENS, KING, COLEMAN AND BEAM, JJ., CONCUR. RANDOLPH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J. MAXWELL, J., NOT PARTICIPATING.

. Overton v. State, 195 So.3d 797, 798-99, 2015 WL 3948461, *1 (Miss.Ct.App.2015).

. Id. at 800, *3.

. Id. at 800-01,*?'3~4.

. Myers v. State, 145 So.3d 1143, 1149 (Miss.2014) (quoting Coleman v. State, 749 So.2d 1003, 1009-10 (Miss.1999)).

. Myers, 145 So.3d at 1149 (citing Coleman, 749 So.2d at 1009; Williams v. State, 54 So.3d 212, 213 (Miss.2011)).

. Myers, 145 So.3d at 1149 (quoting Houston v. State, 531 So.2d 598, 612 (Miss.1988)).

. Myers, 145 So.3d at 1149 (citing Williams, 54 So.3d at 215).

. Myers, 145 So.3d at 1149 (quoting Williams, 54 So.3d at 214).

. Myers, 145 So.3d at 1149 (quoting Houston, 531 So.2d at 612).

. Myers, 145 So.3d at 1149,

.Id. (quoting Houston, 531 So.2d at 612).

. Id. at 1150 (citing Jackson v. State, 594 So.2d 20, 25 (Miss.1992)).

. Myers, 145 So.3d at 1150.